22286. MODERN HOMES CONSTRUCTION COMPANY v. BURKE.

Argued January 13, 1964—Decided February 10, 1964— Rehearing denied March 5, 1964.

712

W. C. Hawkins, O. W. Franklin, Jr., Franklin, Barham, Coleman, Elliott & Blackburn, for plaintiff in error.

Thomas M. Odum, V. J. Adams, Tully M. Bond, Jr., Wm. K. Buffington, contra.

QUILLIAN, Justice. Correctly stated in the brief for the plaintiff in error is the question that this court is called upon to decide: "Is the Act of 1962 (Ga. L. 1962, p. 659; Code Ann. § 3-202) in conflict with the provision of the Georgia Constitution (Article VI, Section XIV, Paragraph III; Ga. Code Ann. § 2-4903) reading: 'Equity cases shall be tried in the county

where a defendant resides against whom substantial relief is prayed'?"

*Code* § 3-202, before being amended·by the Act of 1962, read: "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation." This court in several instances held that the exercise of a power of sale contained in a security deed was not litigation within the meaning of the statute. *Meeks v. Roan*, 117 Ga. 865 (45 SE 252); *Railroad Commission v. Palmer*, 124 Ga. 633, 641 (53 SE 193); *Babson v. McEachin*, 147 Ga. 143 (3) (93 SE 292); *John Hancock Mut. Life Ins. Co. v. Baskin*, 179 Ga. 86 (175 SE 251); *Millen Hotel Co. v. Chastaine*, 183 Ga. 172 (188 SE 4); *Shearer v. LeMay*, 184 Ga. 86 (190 SE 643). In the *Meeks* case, 117 Ga. 865, 867, supra, it is held: "to be a pending proceeding within the meaning of the code section, there must be a suit of some nature."

The Act of 1962 re-enacted *Code* § 3-202 verbatim but added a final sentence to the same: "For the purposes of this section, foreclosures and sales under power shall be considered pending litigation." The plaintiff in error correctly contends the portion of the Act of 1962 providing that "sales under power" constitute litigation within the meaning of the Act is unconstitutional. Clearly, this provision is a mere attempt by the legislature to construe the Code section, contrary to the previous holdings of this court above cited. In *Parks v. State*, 212 Ga. 433, 436 (93 SE2d 663), the principle is pronounced: "The Constitution provides that: 'The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the .others, except as herein provided.' *Code Ann.* § 2-123. A review of the cases dealing with this provision of the Constitution shows that this court has zealously protected each of the three.branches of the government from invasion of its functions by the others whenever it has had the oppor-

tunity, In the early case of *Calhoun v. McLendon,* 42 Ga. 405, 407, it was stated: 'In the dividing line of power between these co-ordinate branches we find here the boundary—construction belongs to the courts, legislation to the legislature. We can not add a line to the law, nor can the legislature enlarge or diminish a law by construction.' " See also *McCutcheon v. Smith,* 199 Ga. 685 (35 SE2d 144); *Northside Manor v. Vann,* 219 Ga. 298 (133 SE2d 32).

Since the jurisdiction of the Superior Court of Jenkins County depended upon the validity of the provision of the statute added by the Act of 1962, the above ruling disposes of the entire case.

*Judgment reversed. All the Justices concur.*