## 44211. J. D. JEWELL, INC. v. MARCHBANKS.

JORDAN, Presiding Judge. This is an appeal in a workmen's compensation case from an order of the superior court affirming an award of compensation for disability and continuing during partial disability, which the employer and insurer contend is not supported by the evidence.

The claimant described an injury which occurred at work on January 4, 1968, which she reported to a representative of her employer. She continued to work for two weeks, although in response to the question, "Were you able to perform your job?" she replied, "Not really. I was hurting awfully bad." She further described her condition, after the expiration of two weeks, "Finally my arm got to hurting so bad that I went to the day nurse, Mrs. Christian, and told about how bad it was hurting and she told me, I can't send you to the emergency room, the doctors don't like for me to send nobody to the emergency room but I will try to get an appointment for tomorrow and she put an elastic bandage on it." In her opinion, she had been unable to work since the date of the injury, and she denied any difficulty with her arm and shoulder before the injury. She was examined and treated by a medical doctor, "went every day for physical therapy for a long time," but no medical testimony by her attending physician or anyone else was submitted, although the record was held open for that purpose for 30 days. On February 13, 1968, she worked about five hours. Her physician advised her that day that she could return to regular work, but he said he did not know what that meant, and advised her "to go and tell the day nurse, Mrs. Christian, for them to put me on something light," which she did. The employer discharged her, and she applied for unemployment insurance and signed a statement, on the advice of the man who prepared it, after she explained to him about the light work, showing that she was unemployed, able to work, and available for work. She also applied for work at two places, but did not obtain any work. The employer stipulated that the claimant did receive an injury on January 4, 1968, and that the employer did receive notice.

The weight and credit, if any, to be accorded the claimant's testimony of her condition which she attributes to the injury, at least inferentially, in view of her admission that she signed

an apparently contradictory statement to obtain unemployment compensation, and her admitted actions in seeking other employment, are for determination by the administrative triors of fact, and not by the courts on appeal, and the absence of any expert medical testimony relative to her condition will not invalidate, as a matter of law, conclusions reached by the triors of fact in this respect, if supported by any evidence of probative value. See *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409 (66 SE2d 126) ; *B. F. Goodrich Co. v. Arnold*, 88 Ga. App. 64 (76 SE2d 20) ; *B. P. O. Elks Lodge No. 230 v. Foster*, 91 Ga. App. 696, 697 (86 SE2d 725). There being some evidence of probative value to show disability from the injury and to support the award, and no error of law appearing, this court must affirm the order of the lower court. See *Code* § 114-710.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED JANUARY 14, 1969—DECIDED MAY 13, 1969.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.
*John N. Crudup,* for appellee.