## 52661. FLORIDA PLYWOOD, INC. et al. v. BOYETTE.

SMITH, Judge.

This is an appeal from an award to a claimant in a Workmen's Compensation case. The contentions of the appellant are: (1) That there was no evidence that the claimant reported the injury within the 30 days required by law (Code § 114-303), and (2) the deposition of the claimant taken by the appellant on discovery was considered although not introduced in evidence, and (3) the amount of compensation was more than 66 2/3% of the weekly wage found to be $115.85 per week. *Held:*

1. The claimant reported to his manager, when he returned to work for two days after he was injured by a fall, that he was "sore" and was allowed to do lighter work at that time. The claimant testified (in his deposition) there was no one at the plant where he worked as night watchman when he fell; he went home and then worked at the plant for two days after his fall and could not work any more; that he "went back (to the place of his employment) two or three times. It was about a month or a little over. Went over there to see about the workmen's comp, to get papers or see if they had been filled out and try to get things straightened out." As to whom he talked, he testified "well, the first one I talked to was the girl who works in the office and she didn't know anything about it. I waited for Glenn (the manager) to come in and when he come in, he said he'd done sent a report in, done filed it, on the accident. I think it was maybe twice or three times I went; I'm not positive. After I didn't get any hearing, I

went back. That was the reason of going back, not getting no hearing from the company or anything." In our opinion, this evidence was sufficient to authorize a finding that the injury was duly reported within the 30 days of its occurrence, or that the employer, its agent, or representative, had knowledge of the accident; otherwise, how could the manager have already sent in a report and filed it on the accident? The manager testified in the case but did not deny this testimony of the claimant. It might be noted further that the attorney for the employer, when asked just prior to the close of the hearing before the administrative judge, stated, "we'll stipulate coverage under the Act."

2. The record does not support the claim of the appellant that the discovery deposition of the claimant was improperly considered on the grounds the deposition was not introduced in evidence. On the contrary, the "statement" of the administrative judge just prior to his finding of fact stated who testified at the hearing and that certain documents were submitted, and "in addition the deposition of claimant and Dr. Hargratt respectively taken on November 20, 1974 and January 17, 1975 were submitted." The enumeration of error not being supported by the record will not be considered or passed upon.

3. Section 114-404 of the Code, as amended by Section 3 of the Act of 1974, by the terms of the Act effective April 1, 1974 (Ga. L. 1974, pp. 1143, 1144, 1156), a little over a month before the injury on May 4, 1974, provides "when the incapacity to work resulting from an injury is total, the employer shall pay or cause to be paid, as hereinafter provided for, to the employee during such total incapacity a weekly compensation equal to 66 2/3% of his average wages, but not more than $80 per week nor less than $25 per week, except when the weekly wage is below $25, then the regular wages on the date of the accident shall be the weekly amount paid, and in no case shall the period covered by such compensation be greater than 400 weeks." The 66 2/3% of the average weekly wage of $115.85 is, in round figures, $77.22. Therefore, the award of $80 per week was excessive. The judgment of the judge of the superior court was, as to this element of the appeal, erroneous; however, we affirm the judgment and

remand the case to the Workmen's Compensation Board with direction that the amount of the award be reduced in accordance with this opinion with costs against the appellee.

*Judgment affirmed with direction. Marshall and McMurray, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 8, 1976 — REHEARING DENIED NOVEMBER 10, 1976.

*Savell, Williams, Cox & Angel, Lawson A. Cox, II,* for appellants.

*Zorn & Royal, J. Kenneth Royal,* for appellee.