## 72196. GEORGIA INSURANCE COMPANY v. BROWN.
(347 SE2d 290)

CARLEY, Judge.

Appellee-employee suffered injuries arising out of and in the course of her employment with the Hiawassee Garment Company (Company). There being no dispute as to the compensability of appellee's injuries under the Workers' Compensation Act (Act), appellant-insurer immediately commenced payment of weekly income benefits for temporary total disability. Payments have continued at the rate of $100.77 per week, based upon appellee's average weekly wage of $151.15 in her employment with the Company. Appellant has made all payments voluntarily, and there has never been an award by the State Board of Workers' Compensation (Board).

Notwithstanding her receipt of the above compensation, appellee commenced the instant action against appellant by filing a complaint in the superior court. Appellee's complaint alleged "concurrent similar employment" to that with the Company and demanded "judgment against defendant Georgia Insurance Company modifying the *award* of the State Board of Workers' Compensation . . . and increasing the temporary total disability benefits to $135.00 per week." (Emphasis supplied.) Appellee also requested past due benefits, as well as penalties, attorney fees and costs. Appellant moved to dismiss appellee's action for lack of jurisdiction. The trial court denied appellant's motion to dismiss, but certified its order for immediate review by this court. Appellant's application for interlocutory appeal was granted and the instant appeal results.

An apparent misunderstanding of the Act and of its application to the facts has been present in the instant case from the very outset. The record shows that *no* award of compensation benefits has ever been made by the Board or by any of its members or deputy direc-

tors. In fact, appellee has never even filed a claim for compensation. Rather, appellant has made all payments voluntarily. Thus, the Board has made no final adjudication, "[r]elief from . . . which . . . may be properly sought in a court of equity pursuant to [OCGA § 9-11-60 (e)]. [Cits.]" *Russell v. Fast Framers*, 164 Ga. App. 771, 772 (298 SE2d 303) (1982).

The trial court construed OCGA § 34-9-221 (h) as a bar to appellee's filing a claim for benefits with the Board. That statutory provision does not have such an effect. OCGA § 34-9-221 (h) serves to limit the grounds upon which the *insurer* or the *employer* can *controvert* the *employee's right to compensation.* "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation." OCGA § 34-9-221 (h). Thus, after appellee has been receiving compensation for 60 days, OCGA § 34-9-221 (h) will serve to limit the grounds upon which *appellant* can thereafter controvert appellee's right to continue to receive compensation under the Act for her injury. Appellant does not controvert appellee's *right* to receive benefits for her injury, but, at most, merely questions the *amount* of compensation which she is currently entitled to receive for that injury. If appellee is not satisfied with the amount of compensation that appellant had paid and continues to pay her voluntarily, she is free to file a claim for compensation with the Board. OCGA §§ 34-9-82; 34-9-100.

Clearly, appellee's remedy under the existing circumstances is to file a claim with the Board and to assert therein her "concurrent similar employment" theory. See generally *Bishop v. Bussey*, 164 Ga. 642 (139 SE 212) (1927). In due course, her claim will proceed to an initial award. Until such time as the Board makes that initial determination, the superior court has no jurisdiction whatsoever over any issue concerning appellee's injury and the compensation to which she may be entitled. "The injuries which [s]he sustained were clearly the result of an accident within the terms of the Work[ers'] Compensation Act, and being so, [appellee's] remedy against the employer is exclusively within the jurisdiction of the State Board of Work[ers'] Compensation and not in the Superior Court. . . ." *Echols v. Chattooga Mercantile Co.*, 74 Ga. App. 18, 22 (38 SE2d 675) (1946). See also OCGA § 34-9-16.

Appellee may not circumvent the Board's jurisdiction and the trial court erred in failing to grant appellant's motion to dismiss.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

Decided June 18, 1986 —
Rehearing denied July 8, 1986 — 

*C. Wade McGuffey, Jr.*, for appellant.
*Wesley Williams*, for appellee.