73577. GALMON v. SEABREEZE MANUFACTURING
COMPANY et al.
(351 SE2d 521)

McMurray, Presiding Judge.

This is a workers' compensation case in which claimant was injured on the job on April 16, 1985, when she was struck in the low back by a board. She continued working following the injury and she went to work the next morning. At the first break, claimant left work and went to see a physician because she was experiencing back pain. Claimant did not return to work until April 19, 1985. On that day, she brought a note from the physician and gave it to her supervisor. The note read: "Mrs. Pamela Galmon has back strain. Return to work 4/18/85." Claimant informed the supervisor that she could only do light work. She averred that she was fired because she told the supervisor that she could not perform her usual job. (The supervisor disagreed. He testified that claimant became upset and left the premises when he told her that no other job was available.)

The claim was heard by the administrative law judge in August 1985. The parties stipulated all issues (including an on-the-job injury) except the extent of disability. Claimant testified that she was unable to work following her injury and that she was unable to do any work at the time of the hearing because her back was still hurting her.

The report of claimant's physician showed that the "causal relationship to injury" was an "acute lumbrosacral strain." The physician's final report showed that claimant did not keep a follow-up appointment.

The administrative law judge awarded total temporary disability benefits to claimant. He found that claimant was "unable to work since [the date of her injury] because of her back condition." The full board adopted the opinion of the administrative law judge and the employer appealed to the superior court.

The superior court remanded the case to the full board. The court held that "there is no evidence in the record from a licensed physician that would support the assertion that the claimant has a permanent disability." We granted claimant's application for a discretionary appeal to review the superior court's ruling. Held:

The question of "permanent disability" was not involved in this case. Rather, the question for determination was the extent of temporary total disability. Based upon the testimony of claimant, the board was authorized to conclude that claimant was temporarily totally disabled. J. D. Jewell, Inc. v. Marchbanks, 119 Ga. App. 669 (168 SE2d

206). The absence of expert medical testimony did not invalidate, as a matter of law, the conclusion reached by the full board. *J. D. Jewell, Inc. v. Marchbanks*, supra. Compare OCGA § 34-9-1 (5).

"The superior court, when sitting as an appellate body, is ordinarily bound by the 'any evidence' standard of review. OCGA § 34-9-105 (Code Ann. § 114-710); *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981). In this posture, the superior court is not authorized to substitute its judgment for that of the Board. *Horton v. Ga. Power Co.*, 164 Ga. App. 252 (296 SE2d 798) (1982); *Dept. of Revenue v. Graham*, 102 Ga. App. 756 (117 SE2d 902) (1960); and where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. *American Motorist Ins. Co. v. Corbett*, 144 Ga. App. 845 (242 SE2d 748) (1978)." *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741). The superior court erred by remanding the case to the full board.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED DECEMBER 3, 1986.

*C. Ronald Patton*, for appellant.
*J. Clinton Sumner, Jr.*, for appellees.