A89A1449. LEON DAWSON/CRAWFORD FOREST PRODUCTS et al. v. WALKER.

(386 SE2d 690)

McMurray, Presiding Judge.

This workers' compensation case involves the construction of OCGA § 34-9-221 (h). Claimant Walker was injured on the job and employer Leon Dawson/Crawford Forest Products voluntarily commenced payment of temporary total disability weekly income benefits of $99.69, based on an average weekly wage of $149. Payments were begun on December 20, 1985, dating back to November 13, 1985, and benefits were paid for a period in excess of 60 days from the due date of first payment before controverting the payment of these benefits.

Compensation was terminated on June 2, 1986, based on a supposed change of condition that claimant had returned to work. Upon the change of condition hearing, the issues were expanded to include various additional matters including the question of average weekly wage. Following the change of condition hearing, the administrative law judge entered an award which, as amended, finds that there was no evidence supporting the employer's contention that claimant had returned to work and ordered the payment of penalties for late payments. The award also sets forth a finding of fact that claimant's average weekly wage was $100 and directs the employer to pay claimant the weekly sum of $66.66, beginning November 12, 1985, and until terminated in accordance with the law. The full board adopted the administrative law judge's finding of fact as to the actual weekly wage, but relying upon *Carpet Transport v. Pittman,* 187 Ga. App. 463 (370 SE2d 651), held that the employer was estopped from reducing the amount of the weekly income benefit from $99.69 to $66.66. Accordingly, the board's award provides for the payment of temporary total disability income benefits of $99.69 per week commencing November 13, 1985, and continuing until altered or terminated by operation of law. Following the superior court's affirmance of the award of the full board, we granted the employer's application for discretionary appeal. *Held:*

The employer contends that OCGA § 34-9-221 (h) and *Carpet*

*Transport v. Pittman*, 187 Ga. App. 463, supra, relate only to the right to compensation that is the issue of liability, as opposed to the question of the correct amount of compensation. The employer concedes the claimant's right to compensation, but insists that the issue of amount is separate and reconsideration thereof is not foreclosed by OCGA § 34-9-221 (h) and the decision in *Carpet Transport v. Pittman*, 187 Ga. App. 463, supra, which clarified the previously uncertain status and effect of the statutory provision.

The distinction urged by employer between *right* to compensation and *amount* of compensation has been previously acknowledged by this court in *Georgia Ins. Co. v. Brown*, 179 Ga. App. 687, 688 (347 SE2d 290). See also *Florida Plywood v. Boyette*, 140 Ga. App. 383 (231 SE2d 79), a case involving similar facts decided prior to the enactment of OCGA § 34-9-221 (h). Furthermore, we note that there is nothing in the bellwether case of *Carpet Transport v. Pittman*, 187 Ga. App. 463, supra, which contradicts or even addresses the distinction between *right* to compensation and *amount* of compensation at issue in the case sub judice. Therefore, we find that OCGA § 34-9-221 (h) does not prohibit the employer contesting the correct *amount* of compensation in the case sub judice. The superior court erred in affirming the board's award.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 — 

*Drew, Eckl & Farnham, Michael F. Antonowich, W. Bradford Searson, Richard C. Kissiah*, for appellants.
*Wayne B. Bradley*, for appellee.