A90A0595. COASTAL TRANSPORT & TRADING COMPANY v. CARPENTER.
(395 SE2d 266)

DEEN, Presiding Judge.

On October 9, 1985, Alvin B. Carpenter was involved in an accident while driving a truck for Coastal Transport & Trading Company (Coastal). He received workers' compensation benefits (medical and wages), and returned to work on January 6, 1986. His benefits were apparently terminated at that time. He made no complaints of pain and was able to fully perform his assigned duties. He was terminated from his employment for other reasons on January 23, 1986, and began working for another employer a few days later. He filed a change of condition claim shortly after he quit his second job. The ALJ entered an award in Carpenter's favor. The employer appealed to the full Board, and it reversed, finding that Carpenter could perform his normal duties when he returned to work for Coastal, that he performed his duties without complaint of pain or loss of time for his second employer, and that his termination from his jobs was not related to his earlier injury. The Board cited the opinion of an orthopedic surgeon who examined him on July 6, 1986, and felt that the claimant "was poorly motivated to cooperate with the examination, and that a return to the work force would constitute excellent therapy for him." Carpenter then appealed to the superior court, which affirmed. The claimant then requested a determination by the Alternative Resolution Unit, under Rule 100, as to the compensability of approximately $4,000 in charges for chiropractic care. These charges were incurred two months after his discharge from Coastal and continued to the date the request was made. Neither party requested a

hearing, and the ALJ entered an award finding that the chiropractor's bills were not compensable. On appeal, the Board adopted the ALJ's findings after a *de novo* review of the evidence. Carpenter appealed to the superior court, which held that there was no evidence to support the Board's award and remanded to the Board for the receipt of further evidence. This court granted Coastal's application for an appeal. *Held*:

In denying the compensability of the chiropractor's bills, the ALJ reviewed the Board's prior findings denying the change of condition award, the findings of the physician who examined him, and the physician's conclusions that the medical examination failed to reveal any significant abnormalities. The ALJ went on to find that the chiropractor's treatment was not related to his October 9, 1985, on-the-job injury, and that the employer/insurer was not responsible for these bills.

The superior court, in hearing workers' compensation appeals, is bound by the "any evidence" rule. *Galmon v. Seabreeze Mfg. Co.*, 181 Ga. App. 132 (351 SE2d 521) (1986); *Banks v. Royal Globe Ins. Co.*, 160 Ga. App. 18 (286 SE2d 309) (1981). Final awards of the Workers' Compensation Board are conclusive and binding as to all questions of fact. OCGA § 34-9-105 (a). The judgment finding that no change of condition had occurred following Carpenter's return to work was therefore binding upon the ALJ in making his determination as to the non-compensability of the medical bills in question, as they were incurred more than two months after the claimant's return to work. The ALJ also noted that a physician's July 1986 examination revealed no abnormality and that any further chiropractic therapy would be of little benefit. As the ALJ and the Board were bound by prior conclusive determinations in this case that no change of condition had occurred, the superior court erred in remanding the case for further evidence. *Ansa Mufflers Corp. v. Law*, 192 Ga. App. 45 (383 SE2d 574) (1989).

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED MAY 29, 1990.

*Dillard & Landers, Daniell S. Landers*, for appellant.
*Lester B. Johnson III*, for appellee.