A91A1000. SUBSEQUENT INJURY TRUST FUND v. LUMLEY DRYWALL et al.
(409 SE2d 254)

BIRDSONG, Presiding Judge.

We granted this first-impression discretionary appeal to determine whether the trial court erred in affirming the determination of

the Workers' Compensation Board ("the board") that a sole proprietor who elects workers' compensation coverage as an "employee" under OCGA § 34-9-2.2 is an "employer" for purposes of reimbursement from the Subsequent Injury Trust Fund ("the Fund"), which was established by OCGA § 34-9-350 "to encourage the employment of the handicapped by protecting employers from excess liability for compensation when an injury to a handicapped worker merges with a preexisting permanent impairment. . . ."

The claimant is Jimmy Lee Lumley, the sole proprietor of Lumley Drywall. He claimed and was awarded compensation from the Fund on the basis of a back injury, as to which it was found he had a preexisting permanent impairment so as to qualify him for compensation from the Fund. The Fund contends compensation in this case is not within the intent and purpose of the law in establishing the Fund to encourage employment of handicapped persons. The board, in granting the award as within "board policy," relied upon OCGA § 34-9-2.2, which allows a sole proprietor to elect to be included as an "employee" if he is actively engaged in the business, which election entitles him to "employee benefits." The board reasoned that OCGA § 34-9-361 allows the employer (Mr. Lumley for Lumley Drywall) to reach an informed conclusion that the "employee" (Mr. Lumley) had a prior impairment; that is, the board held that since Mr. Lumley claims he knew he had a prior back impairment, he "knew" the employee (himself) was handicapped when he was employed and therefore is entitled to compensation from the Fund to protect the "employer" from excessive compensation.

The Fund argues that the "knowledge requirement" as to the employer cannot be met by a sole proprietor in the act of hiring himself as an employee; that is, that OCGA § 34-9-2.2 cannot be relied upon to convert the employer/sole proprietor into an "employee" for the purpose of enabling the sole proprietor to claim that when, as "employer," he hired himself, he had knowledge that he had a prior impairment so as to be allowed to recover benefits from the Fund. *Held*:

Although the Workers' Compensation Act is in derogation of common law, it is highly remedial in nature and should be liberally construed with a view of applying the beneficent purposes of the Act, so as to effectuate its humane objectives and its purpose, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the Act. *Gulf American &c. Co. v. Taylor*, 150 Ga. App. 179, 180 (257 SE2d 44); *Brannon v. Ga. Bureau of Investigation*, 146 Ga. App. 524, 525 (246 SE2d 511); *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515, 519 (43 SE2d 780). It must be construed liberally in favor of the claimant in order to accomplish its beneficent purposes (*General Motors Corp. v. Bowman*, 107 Ga. App. 335, 337

(130 SE2d 163)), so as to provide a claimant a remedy under any provision thereof which does not strictly and reasonably prohibit it (see *Canton Textile Mills v. Lathem*, 253 Ga. 102 (317 SE2d 189), cert. den., ___ U. S. ___ (105 SC 296, 83 LE2d 231)), and so as to deny benefits to none who reasonably comes within any of its provisions and can fairly be brought within the Act. See *Slaten v. Travelers Ins. Co.*, 197 Ga. 1 (28 SE2d 280); *Gulf American*, supra. It is to be given a liberal construction in favor of the rights of the employee. *American Cas. Co. v. Herron*, 102 Ga. App. 658 (117 SE2d 172).

Nothing in the Act strictly prohibits the interpretation made by the board in this case, in the implementation of "board policy." According to OCGA § 34-9-2.2, a sole proprietor may elect to be an "employee" under the Act and once a sole proprietor makes the election therein provided, he shall "be entitled to the employee benefits . . . prescribed in this *chapter*." (Emphasis supplied.) One of the employee benefits granted is the right to benefits from the Subsequent Injury Trust Fund, by an employee who is hired by the employer with knowledge that the employee has a preexisting permanent impairment. We find nothing in the Act which would withhold these benefits from a sole proprietor/employee, on technical grounds that as the "employer" under OCGA § 34-9-2.2 he cannot have knowledge of his own prior impairment. If the evidence shows to the satisfaction of the board that the sole proprietor/employer did hire himself with knowledge of his own impairment, the terms of the Act are satisfied.

As appellees have said, to argue that it is illogical for persons to conclude that they are disabled and to then go into business for themselves begs the question and ignores the problems that disabled persons have in finding suitable employment. It is much easier for a disabled person to go into business for himself than to convince an employer to hire him. Small businesses and sole proprietors provide a significant portion of employment opportunities in our country. We should not discourage self-employment and employment of the handicapped by barring reimbursement from the Fund on the basis of technical distinctions not found in the Act. Instead of encouraging employment, the Fund would seek to create a class of employers who must bear the increased cost of preexisting conditions even though they are required by law to contribute to the Fund. The benefits paid to Lumley because of his injury, including the increased cost due to the preexisting condition, are used to calculate the payments made to the Fund by the sole proprietor and his insurer. OCGA §§ 34-9-358; 34-9-359. If the legislature had seen fit to exclude sole proprietors from coverage by the Fund on the basis that they cannot as "employers" have knowledge of their own prior impairment, or to require that a sole proprietor state in writing his knowledge of his prior impairment when he elects to be an "employee," it would have been an easy

matter to have done so. Compare *Griffin v. State*, 194 Ga. App. 624 (2) (391 SE2d 675); *AAA Bonding Co. v. State of Ga.*, 192 Ga. App. 684, 685 (2) (386 SE2d 50). We find no compelling reason in this case to do what the legislature has not seen fit to do.

As the factual determinations made by the board are supported by evidence, the trial court did not err in affirming the award, under the "any evidence" rule. See *Coastal Transport &c. Co. v. Carpenter*, 195 Ga. App. 789, 790 (395 SE2d 266).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 2, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 — 

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Jeffrey L. Milsteen, Senior Assistant Attorneys General, K. Prabhaker Reddy, Staff Attorney*, for appellant.

*Goodman, McGuffey, Aust & Lindsey, C. Wade McGuffey, Jr., Kathryn A. Cater, Howard R. Osofsky*, for appellees.

