A92A1441. SNAPPER POWER EQUIPMENT COMPANY
v. CROOK.
(425 SE2d 393)

COOPER, Judge.

In *Georgia Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111) (1989), the Supreme Court held that an employer is not obligated to pay workers' compensation benefits to an injured worker who misrepresented his physical condition at the time he was hired if that misrepresentation is both relied upon by the employer and causally related to the subsequent injury for which the worker seeks compensation. We granted this discretionary appeal to consider whether an employer who institutes payments without an award when a worker is injured in 1987 may in 1990, after the decision in *Rycroft*, rely on *Rycroft* to suspend payments to that worker.

Appellee applied for a job with appellant in February 1986, falsely answering a number of questions on the application regarding his history of back problems. Appellee was hired and subsequently injured his back while lifting grass catchers in March 1987. Appellant instituted payment of workers' compensation benefits without an award at that time. *Rycroft* was decided in 1989, and in March 1990, appellant requested a hearing on its right to suspend appellee's benefits based on *Rycroft*, asserting that false statements on appellee's application were both relied on and causally related to appellee's subsequent injury. A hearing was held, and the administrative law judge ruled that appellant's request to suspend appellee's benefits approximately three years after it instituted payment of workers' compensation benefits without an award was not timely brought under OCGA § 34-9-221 (h). The ALJ further ruled that *Rycroft* would not be retro-

actively applied under *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The decision of the ALJ was adopted first by the full board and then by the superior court, from whose order appellant appeals.

1. OCGA § 34-9-221 (h) provides: "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation."

This provision effectively establishes "a 60-day statute of limitation, the running of which results in a limitation as to the grounds upon which the employer/insurer can rely to controvert continued compensation." *Carpet Transport v. Pittman*, 187 Ga. App. 463, 468 (1) (370 SE2d 651) (1988). Appellant does not argue that its *Rycroft* defense is grounded on changed conditions or newly discovered evidence. Instead, appellant first argues that the 60-day limitation should not apply because appellant could not have controverted appellee's right to compensation based on misrepresentations in his employment application in a timely manner, since those misrepresentations did not provide the basis for a defense until *Rycroft* was decided in 1989. We do not agree that appellant could not have controverted appellee's entitlement to payment based on false statements made at the time of his employment prior to *Rycroft*. *Rycroft* was a logical outgrowth of existing common law and statutory principles of fraud and contract. Although this court had previously rejected a similar defense in *Ledbetter v. Pine Knoll Nursing Home*, 180 Ga. App. 654 (350 SE2d 299) (1986), the decision in that case was primarily based on lack of proximate cause between the misrepresentations and the injury. *Rycroft* did not overrule *Ledbetter*, but distinguished it. We see no reason why appellant could not have argued its facts and attempted to distinguish *Ledbetter* prior to the decision in *Rycroft* just as the employer in *Rycroft* did. Appellant is effectively arguing that parties should be excused from compliance with statutes of limitation whenever they seek to rely on a claim or defense whose validity is established by a judicial decision rendered after the limitation period has run. However, such a rule would severely undermine the court's and parties' interest in finality which statutes of limitation are meant to serve. See, e.g., *Bryant v. Allstate Ins. Co.*, 254 Ga. 328, 331 (326 SE2d 753) (1985); see also *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 649 (324 SE2d 194) (1984). Accordingly, we conclude that appellant cannot avoid the bar of OCGA § 34-9-221 (h) on the grounds that the *Rycroft* defense was so novel that appellant could not have raised it in a timely manner.

Appellant's second contention is that, since the *Rycroft* defense is judicially created, it should "take precedence over" and not be lim-

ited by the legislatively created procedural requirements of OCGA § 34-9-221 (h). This argument is antithetical to all established principles of separation of powers and the role of the judiciary in interpreting a statutory scheme. "[C]onstruction belongs to the courts, legislation to the legislature." *Modern Homes Constr. Co. v. Burke*, 219 Ga. 710, 715 (135 SE2d 383) (1964). Moreover, "[t]he legislative, judicial, and executive powers shall forever remain separate and distinct. . . ." 1983 Ga. Const., Art. I, Sec. II, Par. III. The workers' compensation scheme is the creation of the legislature. The courts may construe the legislation and fill in gaps by looking to common-law principles and other relevant statutes, as the Georgia Supreme Court did in *Rycroft*. See *Rycroft*, 259 Ga. at 159. A defense established in this manner does not take on a life of its own outside the statutory scheme, however, and certainly does not "take precedence over" statutory provisions. We therefore conclude that OCGA § 34-9-221 (h) applies to bar appellant's untimely assertion of a *Rycroft* defense in this case.

2. Because we have concluded that appellant's reliance on *Rycroft* is procedurally barred, we need not address appellant's additional arguments that the employer's defense established in *Rycroft* should be retroactively applied under the principles set forth in *Flewellen v. Atlanta Cas. Co.*, supra, and that appellant has shown that the elements of the defense are present in this case.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 19, 1992.

*Gorby, Reeves, Moraitakis & Whiteman, Harold W. Whiteman, Jr., Andrew Nelson*, for appellant.
*Johnny B. Mostiler*, for appellee.