A92A1927. FLOYD S. PIKE ELECTRICAL CONTRACTORS et al.
v. WILLIAMS.
(427 SE2d 67)

BIRDSONG, Presiding Judge.

This is a discretionary appeal of the order of the superior court affirming the award of the State Board of Workers' Compensation which refused to apply the so-called *Rycroft* defense (see generally *Ga. Elec. Co. v. Rycroft*, 259 Ga. 155 (378 SE2d 111)) retroactively to terminate payments of certain benefits to appellee/claimant Richard A. Williams.

Appellee knowingly and wilfully concealed information concerning his previous seven back injuries, two corrective surgical procedures and claims at the time he applied for employment with appellant/employer Floyd S. Pike Contractor (Pike). On December 14, 1988, appellee was injured by an accident arising out of and in the course of his employment with Pike; following the injury appellee experienced pain and symptoms in the same areas of his body that had bothered him following each of his previous back injuries. The December 14, 1988 injury was accepted as compensable by appellant Pike and appellee was paid workers' compensation benefits by Pike for this injury; such payments were continued by agreement of the parties pending the outcome of the hearing in this case.

On January 30, 1989, appellant/insurer Liberty Mutual Insurance Company obtained knowledge of appellee's prior back injuries and

surgeries. On February 16, 1989, Liberty commenced temporary total disability payments to appellee at the rate of $175 weekly. By the end of March 1989, Pike first learned of appellee's prior back injuries and surgeries. Not until August 20, 1990, did Pike file its initial hearing request to assert their *Rycroft* defense.

The ALJ concluded that, although the three Larson factors necessary for a *Rycroft* defense (*Rycroft*, supra at 158) had been factually established, the *Rycroft* defense could not be applied retroactively. The full board affirmed the ALJ's award. *Held*:

1. On appeal this court is required to construe the evidence most strongly to support the judgment. *Williams v. Perry*, 187 Ga. App. 586, 587 (1) (370 SE2d 836).

2. Pretermitting the issue whether the *Rycroft* defense should be given retroactive application is whether the statute of limitation inherent within the provisions of OCGA § 34-9-221 (h) (see generally *Carpet Transport v. Pittman*, 187 Ga. App. 463 (370 SE2d 651)) precludes Pike's right to controvert payment of compensation, without award, to appellee when, by doing so, Pike is per force contesting appellee/employee's *right* to compensation rather than merely contesting the correct *amount* of compensation to be awarded. Compare *Leon Dawson &c. Prods. v. Walker*, 192 Ga. App. 887 (386 SE2d 690).

(a) We find *Carpet Transport*, supra, as explained in *Leon Dawson &c.*, supra, controlling regarding whether OCGA § 34-9-221 (h) promulgates a statute of limitation and the general scope thereof. Appellants neither argue nor provide this court with citations of authority in their appellate brief to establish that the compensation payments were controverted either on the grounds of newly discovered evidence or change in conditions; accordingly, any such claims would be abandoned (Court of Appeals Rule 15 (c) (2)) and would not be before us on appeal.

(b) We reject appellants' contention that by applying the statute of limitation promulgated in OCGA § 34-9-221 (h) in the disposition of this case, we would be establishing precedent which would result in the applying of the *Rycroft* defense prospectively in some cases and retroactively in others. Assuming arguendo the *Rycroft* defense applies retroactively, such application does not become impermissibly inconsistent merely because we also enforce the statute of limitation promulgated in OCGA § 34-9-221 (h) against that class of litigants who fail to controvert the right of compensation within the requisite time limit of that statute. Expiration of the 60-day period in the statute of limitation bars appellants from controverting the employee's right to compensation, and it is only by way of inextricable adjunct that appellants are also denied the use of any available *Rycroft* defense.

(c) We find equally unpersuasive appellants' argument implying

that a *Rycroft* defense (if it applies retroactively) per force constitutes an abrogation, by virtue of changing the law, of the protection provided by the statute of limitation promulgated in OCGA § 34-9-221 (h). It is clear that nothing contained in the Supreme Court's opinion in *Rycroft*, supra, was intended to abolish or modify the statute of limitation in OCGA § 34-9-221 (h), and appellants cite no statutory law having this effect. Compare *Snapper Power &c. Co. v. Crook*, 206 Ga. App. 373 (425 SE2d 393).

(d) Appellants further assert that there exists in Georgia law an "implied tolling mechanism" which prevents the running of any statute of limitation "when a party's claim has been fraudulently concealed." Assuming without deciding that such an "implied tolling mechanism" does exist (see *American Nat. Bank of Macon v. Fidelity &c. Co. of Maryland*, 131 Ga. 854 (63 SE 622)), its scope would not extend beyond "[t]he general rule supported by the decisions in most jurisdictions . . . that the fraudulent concealment of a cause of action [or other legal or quasi-legal claim] from the one to whom it belongs, by the one against whom it lies, constitutes an implied exception to the [applicable] statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the *fact* by the owner of the cause of action [or other legal or quasi-legal claim]." (Emphasis supplied.) 51 AmJur2d, Limitation of Actions, § 147; compare *American Nat. Bank*, supra. In this case, the record reveals that appellant Pike, through its crew supervisor who had authority to fire and hire, was aware of the concealment of the facts in issue *at least* before the end of March 1989. Thus, even if the "implied tolling" rule is applied to the facts of this case, our disposition thereof is not effected, as by the end of May 1989 (60 days after having notice of the facts conceded), appellant Pike still had failed to file the required notice to controvert.

However, appellants argue that, although they may have been on notice of the concealed facts, the *Rycroft* defense had not as yet been recognized by the courts and, thus, requiring them to pursue a nonexistent remedy within the 60-day period is an unrealistic and unfair standard. We disagree. In *Rycroft*, supra at 160, it was expressly held that "[t]he [*Rycroft*] defense asserted by the appellants relies on *traditional theories* of fraud and contract, and legislative action is unnecessary to apply the *fundamental concepts of the common law of this state*." (Emphasis supplied.) We refrain from extending the concept of implied tolling provisions so as to toll statutes of limitation merely because a party has failed to apply traditional legal theories and fundamental concepts of the common law of this state to known, although previously concealed, facts thereby tailoring and perfecting an already existing legal remedy for their own use. See *Snapper Power*, supra. Additionally, even had we elected to apply an extended

implied tolling provision in this case, it would be of no assistance to appellants. *Rycroft*, supra, was decided April 6, 1989, and appellants were charged with constructive knowledge of that law on that date as that is the date on which the opinion would be published in writing in some official form. See, e.g., *McDowell v. Lackey*, 204 Ga. App. 395 (419 SE2d 544) (announcing Supreme Court had modified the Posey rule effective the date of publication of its opinion); 20 AmJur2d Courts, § 83; cf. Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI and Art. VI, Sec. V, Par. III; OCGA § 1-3-6. Moreover, the record reflects that appellant Pike, through its safety director, had actual knowledge of the *Rycroft* defense at least by June 1989. Nevertheless, appellants did not initially file a request for a hearing to controvert payment of compensation until August 20, 1990. Thus, even if tolling occurred 60 days after *Rycroft* was published, the 60-day statute of limitation would still have expired long before appellants filed formal notice to controvert with the board. Finally, we note that throughout their appellate brief, appellants constantly argue, expressly and impliedly, the equity of their situation. It is a hornbook concept that equity aids the vigilant, not he who slumbers on his rights.

(e) The statute of limitation in OCGA § 34-9-221 (h) bars appellants from controverting appellee's right to compensation (see *Carpet Transport*, supra), and we cannot change this result through a feat of judicial prestidigitation. We must interpret the law and apply it with an even hand; the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky (*Autry v. State*, 150 Ga. App. 584, 587 (258 SE2d 268)).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JANUARY 13, 1993.

*Neely & Player, Andrew J. Hamilton*, for appellants.
*Farrar, Farrar & Hennesy, Joseph J. Hennesy, Jr.*, for appellee.