A96A0951. CARTERSVILLE READY MIX COMPANY et al.
v. HAMBY.
(479 SE2d 767)

SMITH, Judge.

Terry Hamby filed a claim for workers' compensation, contending he sustained a back injury at work. Although his employer, Cartersville Ready Mix Company, knew or suspected within a short time after Hamby's injury that it was not job-related, the employer did not controvert the claim within 21 days after learning of the injury. Instead, after a number of weeks it voluntarily commenced payment of workers' compensation benefits, paying a lump sum for five weeks but paying no penalty. Subsequently, although it had filed no penalty, the employer filed a notice to controvert payment pursuant to OCGA § 34-9-221 (h) within 60 days of the date first payment of compensation was due. In conjunction with the notice to controvert, the employer also suspended payments on the basis that the injury did not arise out of and in the course of employment. At the hearing before the trial division of the State Board of Workers' Compensation, Hamby sought payment of the suspended benefits through the date he returned to work, along with benefits for a ten percent permanent partial disability resulting from the back injury. He argued

that these benefits were due because the employer had not paid an increased benefit in the amount of $160 pursuant to OCGA § 34-9-221 (e), and that under *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648 (324 SE2d 194) (1984), the employer was not entitled to file a notice to controvert payments under OCGA § 34-9-221 (h) before paying the increased benefit. He also contended the back injury arose out of and in the course of his employment.

The administrative law judge (ALJ) denied Hamby's claim, concluding that: (1) the employer's failure to pay the penalty due under OCGA § 34-9-221 (e) did not prevent the employer from controverting payment, but subjected the employer to imposition of further attorney fee sanctions under OCGA § 34-9-108 (b) (2); and (2) the credible evidence showed the injury at issue did not arise out of and in the course of Hamby's employment. The appellate division of the Board adopted the ALJ's decision.

On further appeal, the superior court reversed the appellate division. The superior court reasoned that because the employer failed to pay the increased amount due under OCGA § 34-9-221 (e) prior to filing the notice to controvert pursuant to OCGA § 34-9-221 (h), the notice to controvert was invalid under *Rayburn*, supra, and the employer had no right to controvert payment. The superior court therefore concluded that because the claim was not validly controverted, Hamby was entitled to the compensation he sought regardless of whether the injury arose out of and in the course of his employment. We granted the application for a discretionary appeal filed by the employer. Upon further review, we conclude that the decision of the superior court was correct, and we affirm.

1. The contention of the employer, Cartersville Ready Mix Company, that no evidence was presented showing that the penalty owed was not paid, is belied by the record.

2. Cartersville Ready Mix contends the superior court erred in finding that the notice to controvert was invalid and in determining its effect. Under normal circumstances, if an employer wishes to controvert a claim for workers' compensation without paying benefits, a notice to controvert must be filed within 21 days after learning of the alleged compensable injury. OCGA § 34-9-221 (d). If no change of condition or new evidence is involved, however, and if the employer voluntarily pays benefits without an award, the claim may be controverted within 60 days of the due date of the first payment of benefits. OCGA § 34-9-221 (h). This provision affords an employer another opportunity to controvert a claim if the employer changes its mind about controverting a claim, provided that the employer also voluntarily pays compensation to the employee without an award. Clearly, the provisions of OCGA § 34-9-221 require that unless an employer quickly controverts payment pursuant to subsection (d), it must com-

mence compensation payments without an award and continue to make all payments due under the statute until the employer controverts and suspends payments under subsection (h).

In *Rayburn*, supra, we found that "the legislative intent behind OCGA § 34-9-221 was to minimize the hardship on the injured worker by requiring the employer either to act quickly when it knows a claim is controvertible, so as to expedite final resolution of the matter, or to pay compensation while investigating the matter more closely." Id. at 649 (1). Consistent with this view, we have also stated that subsection (h) of the statute "is clearly intended to provide some form of protection to the *employee's right to continued receipt* of the compensation." (Emphasis in original.) *Carpet Transport v. Pittman*, 187 Ga. App. 463, 467 (370 SE2d 651) (1988).

This case turns on the question of what is included in the term "compensation." We held in *Rayburn* that the term "compensation" encompasses "*all* of the accrued income benefits . . ., including penalties provided for any late payment." (Emphasis supplied.) Id. at 649 (1). The amendment of the Workers' Compensation Act in 1994 offers no reason for modifying that holding. OCGA § 34-9-23 was added to the Act in 1994. It provides that the Act should "be liberally construed only for the purpose of bringing employers and employees within [its] provisions" and providing protection for both, and that its "provisions . . . shall be construed and applied impartially to both employers and employees." OCGA § 34-9-23. Given the legislative purpose set forth in *Rayburn*, it is apparent that the legislature sought to minimize the hardship on the claiming employee and to require swift decisions from the employer regarding whether the claim will be controverted. Requiring both parties to comply with the procedure set forth in the Act satisfies the need for impartiality demanded in OCGA § 34-9-23 without sacrificing the legislative purpose set forth in *Rayburn*.

The solution proposed by the dissent, requiring resolution of the issue of whether a penalty is due, is unnecessary. Such a procedure would add a layer of litigation and delay to the proceedings, in order to determine an issue over which no dispute usually exists. In this case, for example, no question exists that Cartersville Ready Mix was late in beginning to pay benefits; under the clear language of OCGA § 34-9-221 (e) an increased amount is therefore due the claimant. This issue needs no "resolution." The employer had only to comply with the statute by commencing voluntary payment of benefits on time or to pay the penalty — the increased benefit — to ensure that its notice to controvert would be valid. Moreover, the solution proposed by the dissent frustrates, rather than promotes, the legislative intent. It ensures that employers will routinely delay paying penalties, having no incentive to pay them promptly.

Relying upon *Raines & Milam v. Milam*, 161 Ga. App. 860, 862 (289 SE2d 785) (1982), Cartersville Ready Mix also argues that it should not be barred from defending the claim simply because it failed to pay the penalty due because other sanctions exist for its failure to comply with the statutory procedure, in the form of attorney fee sanctions under OCGA § 34-9-108 (b). This argument is similarly without merit. As relevant to this case, *Milam* stands only for the proposition, unchanged by *Rayburn*, that failure to controvert within 21 days under OCGA § 34-9-221 (d) is not an absolute bar for the employer; it has no bearing on the issue before us in this appeal. *Milam* is distinguished on its facts; it involved death benefits and is not analogous to this case. Moreover, in *Milam*, the employer did not controvert the claim until more than five months after the deaths, no compensation was paid without an award, and OCGA § 34-9-221 (h) did not enter into the analysis.

OCGA § 34-9-23 requires even-handed treatment of both employer and claimant. We act even-handedly when we apply the Act as it is written. Just as the claimant must meet the statute's requirements in order to qualify for benefits, so must the employer adhere to the procedural requirements in order to controvert the claim. The clear language of the statute provides that employers who decide to controvert a claim after the first 21-day period must pay compensation without an award and controvert within 60 days of the date the first payment of benefits is due. The "penalty" at issue here is not a separate amount required of the employer; it is an increase in benefits to the claimant; it is "compensation." OCGA § 34-9-221 (e); *Rayburn*, supra. Cartersville Ready Mix did not pay the required increased amount to this claimant even though it knew it had been late in paying benefits.

The language of OCGA § 34-9-221 (h) is clear. Our interpretation of it was implicitly approved by the legislature; it did not change the wording of that subsection when enacting a comprehensive revision of the Act in 1994, after this Court's construction of the subsection was set forth in *Rayburn*. Because the employer did not follow the statute's clear mandate, its notice to controvert is invalid.

We note, finally, that we are constrained to ignore as irrelevant the indications in the record that Hamby did not in fact suffer a compensable injury. Had Cartersville Ready Mix followed the procedural requirements and paid all compensation due when it belatedly controverted Hamby's claim, that issue might properly have been decided in its favor. It did not do so, however, and we must apply the clear dictates of the law in even-handed fashion. "We must interpret the law and apply it with an even hand; the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky. [Cit.]"

*Floyd S. Pike Elec. Contractors v. Williams,* 207 Ga. App. 86, 89 (2) (e) (427 SE2d 67) (1993).

The superior court recognized and noted this constraint and correctly concluded that Cartersville Ready Mix's notice to controvert was invalid. We affirm the judgment of the superior court.

*Judgment affirmed. Beasley, C. J., McMurray, P. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

I dissent because I believe we should modify the rule set forth in *Southeastern Aluminum Recycling v. Rayburn,* 172 Ga. App. 648 (324 SE2d 194) (1984), and adopt a more balanced construction of OCGA § 34-9-221.

In *Rayburn,* supra, as in the present case, the employer did not file a notice to controvert under OCGA § 34-9-221 (d) within 21 days after learning of the alleged compensable injury. Instead, the employer paid benefits accrued pursuant to OCGA § 34-9-221 (b), then subsequently filed a notice to controvert under § 34-9-221 (h). *Rayburn,* supra at 648-649. The evidence in *Rayburn,* supra, also showed, just as Hamby contends in the present case, that the employer failed to pay a late payment penalty which was due pursuant to OCGA § 34-9-221 (e) along with the accrued benefits. We held that "if an employer has paid all of the accrued income benefits without an award, including penalties provided for any late payment, and continues to make the periodic benefit payments pursuant to OCGA § 34-9-221 (e), the employer is entitled to controvert the worker's right to compensation under § 34-9-221 (h)." Id. at 649 (1). We concluded that, since the employer in that case had failed to pay the penalty, the notice to controvert was invalid. Id. at 650.

In so holding in *Rayburn,* supra, we recognized that OCGA § 34-9-221 provides for two distinct situations in which an employer may controvert payment of benefits after an employee claims a compensable injury. Id. at 649. In the first situation, an employer which quickly determines it has grounds to controvert payment may do so under subsection (d) of the statute by filing a notice to controvert within 21 days after knowledge of the alleged compensable injury. In the second situation, where compensation is not initially controverted under subsection (d) and payments are due without an award, the employer may later controvert and suspend payments under subsection (h) of the statute, which provides that: "Where compensation is being paid without an award, the right to compensation shall not be controverted except upon the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensa-

tion." In considering these provisions in *Rayburn*, supra, we found that "the legislative intent behind OCGA § 34-9-221 was to minimize the hardship on the injured worker by requiring the employer either to act quickly when it knows a claim is controvertible, so as to expedite final resolution of the matter, or to pay compensation while investigating the matter more closely." Id. at 649 (1). In *Carpet Transport v. Pittman*, 187 Ga. App. 463, 467 (370 SE2d 651) (1988), we further stated that subsection (h) of the statute "is clearly intended to provide some form of protection to the *employee's right to continued receipt* of the compensation. . . ." (Emphasis in original.)

Accordingly, under OCGA § 34-9-221 an employer which does not quickly controvert payment pursuant to subsection (d) must commence compensation payments without an award and continue to make all payments due under the statute until the employer controverts and suspends payments under subsection (h). In *Rayburn*, supra, we construed OCGA § 34-9-221 as not only requiring such payments be made by the employer but that all such payments be made as a precondition to the valid filing of any notice to controvert under subsection (h). This requirement, however, can have the effect of permanently foreclosing an employer's right to controvert on the grounds originally asserted in the notice to controvert.

Employers who file a notice to controvert under OCGA § 34-9-221 (h), where compensation is paid without an award, cannot know in advance of filing in every case whether a claim may subsequently be made that all of the compensation requirements of OCGA § 34-9-221 have not been satisfied. Even where an employer attempts in good faith to comply with the payment provisions of OCGA § 34-9-221 prior to filing the notice to controvert, the notice is subject to subsequent attack in defenses raised by the employee during the hearing process that the employer failed to pay the full amount of all income benefits or penalties due under OCGA § 34-9-221 (b) and (e) prior to filing the notice to controvert. This issue can arise if the employee, for example, later disputes whether the employer accurately computed the average weekly wage due to be paid, or disputes whether a weekly installment was timely made under the mailing provisions of OCGA § 34-9-221 (b), or disputes whether payment was made in the proper form required under OCGA § 34-9-221 (a). An employer may not become aware of these claims until they are revealed in prehearing discovery or raised later at the hearing before the ALJ. At that point, months may have elapsed from the time the notice to controvert was filed. Under the rule established in *Rayburn*, supra, if it is subsequently determined that the employer did not fully comply with all the requirements of OCGA § 34-9-221 prior to filing the notice to controvert, then the notice is considered invalid and the employer has no right to controvert until all the requirements are

satisfied and the employer files another notice to controvert. If the original notice to controvert was filed under OCGA § 34-9-221 (h) more than 60 days after the due date of first payment of compensation, then the right to compensation can be controverted only on the grounds of a change in condition or newly discovered evidence. In that case, the effect of invalidating the original notice under *Rayburn*, supra, would be to require the employer to pay any unpaid compensation or penalties found due and then file another notice to controvert, which could once again be brought on the same grounds asserted in the original notice. However, if the original notice to controvert was filed under OCGA § 34-9-221 (h) within 60 days of the due date of first payment of compensation, the employer's right to controvert is not limited to a change in condition or newly discovered evidence, but may be asserted on any available ground. In that case, if the original notice to controvert asserts a ground not available to the employer after the expiration of the 60-day period, the effect of invalidating the original notice under *Rayburn*, supra, which in practice would virtually always occur after the expiration of the 60-day period, is to permanently foreclose the employer's right to controvert on the ground originally asserted. The present case is a good example.

In the present case, the employer controverted payment under OCGA § 34-9-221 (h) prior to the expiration of the 60-day period on the basis of evidence that the injury suffered by the employee occurred at home and did not arise out of or in the course of employment. Relying on *Rayburn*, supra, the superior court eventually held that the notice to controvert on this basis was invalid because the employer had not paid a penalty due under OCGA § 34-9-221 (e) prior to filing the notice. This ruling came after the issue was raised before the ALJ and long after the expiration of the 60-day period set forth in OCGA § 34-9-221 (h). Since the 60-day period has expired, and the original ground for controversion asserted by the employer is not a change of condition and does not qualify as evidence newly discovered after the expiration of the 60-day period, applying *Rayburn*, supra, effectively prohibits the employer from pursuing a potentially valid basis to controvert even after paying the penalty.

Section 34-9-221 does not explicitly require the construction we gave it in *Rayburn*, supra. The employer's right to controvert under subsection (h) of § 34-9-221 is granted "[w]here compensation is being paid without an award. . . ." Although this language makes clear that an employer cannot proceed on the merits of a controversion claim without paying all compensation due, including penalties, it does not demand a conclusion that the notice to controvert be considered invalid when filed if all the compensation requirements of OCGA § 34-9-221 have not been fully satisfied at that time. The con-

struction we gave the statute in *Rayburn,* supra, was consistent with the then existing rule that the Workers' Compensation Act be construed liberally in favor of the rights of the claimant except where such a construction was strictly prohibited by the terms of the statute. *Subsequent Injury Trust Fund v. Lumley Drywall,* 200 Ga. App. 703, 704-705 (409 SE2d 254) (1991). However, the Workers' Compensation Act was amended in 1994 to provide that it "shall be liberally construed only for the purpose of bringing employers and employees within the provisions of this chapter and to provide protection for both. . . . The provisions of this chapter shall be construed and applied impartially to both employers and employees." OCGA § 34-9-23.

In light of the new balanced construction of the Workers' Compensation Act required by OCGA § 34-9-23, it is appropriate to re-examine *Rayburn,* supra, and apply OCGA § 34-9-221 in a manner that balances the interests of the employee and the employer. Accordingly, we should conclude that a notice to controvert filed pursuant to OCGA § 34-9-221 (h) is valid even if an issue exists at the time of filing as to whether the employer has paid all benefits and penalties due under OCGA § 34-9-221. If such an issue arises upon the filing of the notice to controvert, it should be addressed and resolved and payment, if any is determined due, should be immediately tendered prior to a ruling on the merits of the employer's notice to controvert. On one hand, this construction of OCGA § 34-9-221 gives effect to the legislative intention that the employee's right to continued receipt of compensation without unwarranted delay be protected while an employer investigates the alleged injury and then controverts payment of compensation under subsection (h). *Pittman,* supra at 466-467. On the other hand, under this construction of OCGA § 34-9-221, an employer which determines grounds for controverting payment after expiration of the 21-day period of subsection (d) is better protected in its right to contest payment of compensation by filing a notice to controvert pursuant to subsection (h) and suspending further payments. To the extent *Rayburn,* supra, conflicts with this balanced application, it should be overruled.

I do not believe that the majority's concern that this construction of the statute will encourage employers to delay paying compensation is justified. An employer which has not discovered any ground to controvert during the 21-day period of OCGA § 34-9-221 (d) has no incentive to withhold compensation due and incur mounting penalties on the chance that it may later discover a ground to controvert under OCGA § 34-9-221 (h). Moreover, as we noted in *Raines & Milam v. Milam,* 161 Ga. App. 860, 862 (289 SE2d 785) (1982), the Workers' Compensation Act provides additional incentive for employers to make timely payments of all compensation due to the employee

by imposing attorney fee sanctions under OCGA § 34-9-108 (b) (2) against employers which fail to comply with the compensation provisions of OCGA § 34-9-221.

Accordingly, I would retroactively apply this new construction of OCGA § 34-9-221 (see *Gen. Motors Corp. v. Rasmussen*, 255 Ga. 544, 545-546 (340 SE2d 586) (1986); *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, 712 (300 SE2d 673) (1983)), reverse the judgment of the superior court, and remand the case with directions that it be recommitted to the Board for review and taking of additional evidence, if necessary, in accordance with the revised construction of the statute. If it was determined that the employer owed a penalty under OCGA § 34-9-221 (e) when the notice to controvert was filed, then upon tender of payment the merits of the employer's notice to controvert would become ripe for consideration, along with a determination as to the employer's liability for further compensation and whether there was any overpayment of benefits.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED DECEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 20, 1996

*Savell & Williams, Tash J. Van Dora, Grant G. Morain, Steven R. Thornton*, for appellants.
*James E. Greene*, for appellee.

