## 64115. SADIE G. MAYS MEMORIAL NURSING HOME et al. v. FREEMAN.

SHULMAN, Presiding Judge.

Appellee sustained an employment-related back injury on March 14, 1980, and on March 19 gave notice of her injury to appellants, who referred her to a physician for examination. On March 24, appellants received a report from the evaluating physician indicating that appellee should not have lost any work time as a result of the March 14 injury. On the basis of that report, appellant/employer terminated appellee's employment due to three consecutive, unexcused absences. After advising appellee of the termination, appellants received from the evaluating physician a revised report indicating that appellee had not been able to work since the date of the injury. Appellant/employer sent a letter to appellee on April 29 apologizing for the termination, reinstating appellee's employment and forwarding payment of temporary total disability benefits covering the period March 14 through May 2, 1980. The letter also requested that appellee contact appellant/employer when she was released from her physician's care and able to return to work. Appellants subsequently received a medical report dated May 19 indicating that appellee would be able to return to light duty work

as of May 15. Appellants filed their Form WC 2 with the board on May 23, indicating that benefits had been suspended on May 15 due to a change in condition resulting from appellee's "return to work."

A hearing was held before the administrative law judge for the purpose of receiving evidence on appellee's alleged change in condition and all other Title 114 issues. Based on all admissible evidence adduced at the hearing, the ALJ found that claimant experienced a change in condition on May 15 and that light duty work was made available to her by appellant/employer. The ALJ also assessed a $100 penalty against appellee's attorney to be paid to appellants' counsel for "outrageous conduct to the extent of leading his client through his objections and even leading his client by the nod of his head throughout her cross-examination."

Appellee took the case before the full board for de novo consideration. The board overturned the findings of the ALJ and substituted its own. The board found that appellants had not sustained their burden of showing a proper termination of benefits and that the ALJ did not have the authority to assess attorney fees against appellee's counsel. The board awarded appellee temporary total disability benefits "until properly terminated according to law," a 15% penalty pursuant to Code Ann. § 114-705 (e), and attorney fees pursuant to Code Ann. § 114-712. The superior court affirmed the board's award and we granted appellants' application for discretionary appeal.

1. The board's conclusion that appellants did not properly terminate appellee's benefits is supported by the record insofar as that conclusion relates to the procedure and timing of the termination. The board found as a matter of fact that the "[f]irst and only payment for lost time was made to claimant by letter dated April 29, 1980, with accompanying check for $578.62 representing seven weekly benefits." This payment covered the period from March 14 through May 2. However, even appellants do not dispute disability prior to May 15, 1980. Consequently, the board found that appellants in fact terminated benefits on May 2, thus leaving uncontroverted compensation payments overdue for the period from May 2 through May 15, in violation of Code Ann. § 114-705 (b). This finding is supported by the record. Since there was no evidence in the record indicating that these benefits could not be paid by appellants due to conditions beyond their control, the board's assessment of a 15% penalty on these overdue benefits was proper. Code Ann. § 114-705 (e).

2. The board also correctly found that the ALJ acted without authority when she ordered appellee's counsel to pay appellants' counsel $100 in "punitive attorney's fees." Code Ann. § 114-707 (c)

sets forth the authority of an ALJ. We find no legal support either in that statutory provision or elsewhere for an order directing that one attorney pay "punitive attorney's fees" to another attorney as a result of the former's misconduct during the hearing of a case.

3. The board erred, however, in failing to address properly the issue of whether appellee had a change in condition sufficient to warrant termination of benefits. A change in condition arising from the employee's ability to return to work must be accompanied by the following: (1) a physical change for the better in the claimant; (2) an ability to return to work as a result of the physical change; and (3) the availability of work to terminate or decrease the loss of income resulting from work-related disability. *Hercules, Inc. v. Adams,* 143 Ga. App. 91 (237 SE2d 631). Appellants argue that this case meets all of the above criteria and that they should not be liable for compensation benefits after May 15, 1980. Although the ALJ agreed with appellants, the board reversed and merely concluded that the appellants had not shown that benefits had been properly terminated. The award provided that payment of temporary total disability benefits was to continue "until properly terminated according to law." The board noted, inter alia, in its findings of fact that "[i]t is uncontradicted that the claimant has never returned to work." However, the determination of whether there has been a change in condition does not depend upon whether the employee has actually returned to work. Rather, the key determination is whether there is work available to diminish or terminate the loss in income. The board made no finding as to either the appellee's ability to work subsequent to May 15, 1980, or the availability of suitable work. While we do not agree with appellants that the record conclusively establishes a change in condition that would reduce or terminate benefits, we do agree that the board should have given full consideration to the issue and made the appropriate findings of fact and conclusions of law. Code Ann. § 114-715. Consequently, the superior court should have remanded the case to the board for appropriate findings of fact relating to the issue of change in condition. *Malone v. Fireman's Fund Ins. Co.,* 147 Ga. App. 264, 265 (248 SE2d 544).

Appellants' failure to comply with the letter of Code Ann. § 114-705 in terminating benefits does not prevent them from pursuing their position on appellee's alleged change in condition. Sanctions for failure to comply with Code Ann. § 114-705 are set forth in Code Ann. § 114-712 (b) (2), which provides: "If any provision of Code section 114-705, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that section and the claimant prevails, the reasonable fee of the

attorney as determined by the board and the costs of the proceedings may be assessed against the employer." The failure to comply with Code Ann. § 114-705 in suspending or terminating benefits does not prevent the employer/insurer from contending that no or lesser benefits are due after a certain date due to a change in condition; rather, it subjects the employer/insurer to potential liability for attorney fees if the failure was without reasonable grounds. See generally *Raines & Milam v. Milam,* 161 Ga. App. 860 (289 SE2d 785); *Holt Serv. Co. v. Modlin,* 163 Ga. App. 283 (293 SE2d 741).

Nor are the appellants precluded from asserting a change in condition due to the fact that the WC 2 listed the reason for termination as being "return back to work" when appellee had, in fact, not returned to work. The WC 2 contained language sufficient to place the board and appellee on notice of termination of benefits due to change in condition, and, as previously noted, actual return to work by the employee is not a prerequisite for termination of benefits due to a change in condition. *Hercules, Inc. v. Adams,* supra.

4. The remaining aspect of the board's award challenged by appellants is the award of attorney fees. The board awarded appellee attorney fees and remanded the case to an ALJ for determination of the reasonable value of her attorney's services.

Although the board correctly determined that appellants did not comply with Code Ann. § 114-705 by effectively terminating appellee's benefits on May 2, 1980, and found as a matter of fact that appellee was forced to hire an attorney to secure her compensation rights, it made no determination as to the reasonableness of appellants' failure to comply with the Code Ann. § 114-705. As quoted above, Code Ann. § 114-712 requires a finding that the failure to comply with the procedure set forth in § 114-705 was unreasonable before an award of attorney fees can be made. "This presents an issue of fact for determination by the board. [Cits.] . . . [Since] [t]he finding in the instant case relating to the assessment of attorney's fees is silent as to whether or not appellants' noncompliance with Code Ann. § 114-705 was 'without reasonable grounds' . . . the findings do not support the award of attorney's fees under Code Ann. § 114-712 (b)(2). As the evidence does not demand a finding that the relevant actions or inactions of the appellants were 'without reasonable grounds' to support them, the case must be remanded to the board for further findings to decide the issue. [Cits.]" *Union Carbide Corp. v. Coffman,* 158 Ga. App. 360, 362 (280 SE2d 140).

The case is, accordingly, remanded to the board for further findings on the issues of change in condition and attorney fees consistent with this opinion. In view of this court's decision, all enumerations of error not addressed above are moot.

*Judgment affirmed in part and reversed in part with direction. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1982.

*Richard G. Kissiah,* for appellants.
*James W. Lewis,* for appellee.