### 77139. SOUTHWIRE COMPANY v. CRAPSE.
(378 SE2d 742)

SOGNIER, Judge.

The Superior Court of Carroll County affirmed the award of the State Board of Workers' Compensation assessing attorney fees against Southwire Company on the basis that Southwire's delay in commencing temporary total disability benefits to Howell David Crapse was unreasonable under OCGA § 34-9-108 (b) (2). We granted Southwire's application for discretionary appeal and now affirm the

superior court's ruling.

The record reveals that Crapse injured his wrist on March 4, 1987 during his employment at Southwire. Crapse was examined by Dr. Jubal Watts who diagnosed the injury as carpal tunnel syndrome and released Crapse on March 10, 1987. Southwire discharged Crapse on March 13, 1987, but paid him no benefits until June 1987, nearly three months after Crapse had engaged an attorney to recover the benefits. Southwire thereupon acknowledged the validity of Crapse's claim that he was entitled to receive benefits for temporary total disability due to restrictions on his ability to work caused by the wrist injury, and submitted payment of the benefits to Crapse along with the 15 percent late payment penalty pursuant to OCGA § 34-9-221 (e). However, Southwire contested Crapse's claim for attorney fees under OCGA § 34-9-108 (b) (2), asserting that it had acted reasonably when it failed to pay the benefits because it was relying on documents from Dr. Watts, including a return to work form and the doctor's appointment notes, in which the space set out for Crapse's "physical restrictions" was left blank and which reflected that Crapse's carpal tunnel syndrome required him to wear a splint only at night.

"The allowance of attorney's fees under [OCGA § 34-9-108 (b)] must be predicated upon a determination that the noncompliance with [OCGA § 34-9-221] of the party against whom such fees are to be assessed was 'without reasonable grounds.' This presents an issue of fact for determination by the board. [Cits.]" *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360, 362 (280 SE2d 140) (1981). While Southwire has depicted accurately the language in the evidence on which it relies to support its assertion that it had reasonable grounds to deny payment of benefits to Crapse, the record also contains the evidence on which the administrative law judge, the Board, and the superior court relied in reaching a contrary decision. That evidence includes the same return to work form noted by Southwire in which, directly under the blank "physical restrictions" space, is the space captioned "remarks" where Dr. Watts notated that Crapse could work with a splint and that Crapse had carpal tunnel syndrome. The Southwire administrator responsible for all workers' compensation testified that she saw and read these remarks on the form, but because the "physical restrictions" space was blank she did not consider the form to constitute documentation to justify the initiation of payment of benefits. It was not until the administrator sent Dr. Watts a form letter on June 3, 1987 that the questions concerning Crapse's work restrictions were clarified.

The record thus establishes that "there is some evidence to support the board's award of attorney fees . . . ." *Henderson v. Mrs. Smith's Frozen Foods*, 182 Ga. App. 829, 830 (2) (b) (357 SE2d 271) (1987). Since this court and the superior court are bound to affirm the

Board if there is any evidence to support the award, see *N. G. Gilbert Corp. v. Cash*, 181 Ga. App. 775, 777 (353 SE2d 840) (1987), we find no error in the superior court's order affirming the award of attorney fees in favor of Crapse by the Board.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 21, 1989.

*Kenneth A. Smith*, for appellant.
*Charles H. Lumpkin, Jr.*, for appellee.