A90A2188. CARR v. A. P. & HARRY JONES LOGGING et al.
(402 SE2d 538)

BANKE, Presiding Judge.

We granted the claimant's application for discretionary appeal in this workers' compensation case to consider whether the superior court improperly remanded the case to the board for further findings.

The claimant sustained a compensable injury to his back on February 2, 1988, for which he received temporary total disability benefits for approximately a year. The employer/insurer (hereafter referred to as appellees) then filed a form WC2 and, five days later, suspended payment of such benefits. Following a hearing, the ALJ determined that the appellees had failed to carry their burden of showing that the claimant had undergone a condition for the better

and therefore reinstated total disability income benefits retroactive to the date of the suspension. The administrative law judge further ordered the appellees to pay the claimant's attorney fees, based on a determination that they had violated Workers' Compensation Board Rule 221 (i) (4) by failing to attach supporting medical documentation to the form WC2 and that they had violated OCGA § 34-9-221 (i) by the manner in which they had discontinued the payment of disability benefits. Upon de novo review, the full board found no violation of Rule 221 (i) (4) but did agree that the appellees had violated OCGA § 34-9-221 (i) by failing, without reasonable grounds, to give the claimant ten days notice of its intention to suspend benefits, with the result that they should be required to pay attorney fees pursuant to Board Rule 221 (i) (1) and OCGA § 34-9-108 (b) (2). On appeal, the superior court remanded the case to the board for further inquiry and findings, both as to the decision to award attorney fees and as to the amount of the award. *Held*:

1. Board Rule 221 (i) (1) specifies that the "[s]uspension of benefits at any time on the grounds of change in condition requires advance notice of 10 days unless the employee has actually returned to work." See also OCGA § 34-9-221 (i); *Jackson v. Peachtree Housing Div. &c. Indus.*, 187 Ga. App. 612 (371 SE2d 112) (1988). Under OCGA § 34-9-108 (b) (2), "[i]f any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his rights under that Code section and the claimant prevails, the reasonable fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer." Whether noncompliance with OCGA § 34-9-221 is without reasonable grounds is an issue of fact to be determined by the board, and its decision will be affirmed by this court if there is any evidence to support it. See *Southwire Co. v. Crapse*, 190 Ga. App. 383 (378 SE2d 742) (1989). In the present case, the board specifically determined that the appellees' failure to provide the appellant with ten days notice of the suspension of his disability benefits constituted a violation of OCGA § 34-9-221 (i) in that such failure was "without reasonable grounds." Since there is evidence in the record to support this finding, the superior court was required to affirm it.

2. The appellees concede on appeal that the size of the attorney fee award was supported by the evidence. See generally *Copelan v. Burrell*, 174 Ga. App. 63 (2) (329 SE2d 174) (1985). We consequently hold that the superior court also erred in remanding for further findings on that issue.

3. The superior court additionally determined that the claimant would not be entitled to a 15 percent penalty with respect to those disability benefits which had been temporarily suspended by the ad-

ministrative law judge pursuant to an interlocutory order. However, our review of the board's final award reveals that no such penalty was assessed.

4. For the foregoing reasons, the judgment of the superior court is reversed with direction that the award entered by the board be affirmed.

*Judgment reversed with direction. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED FEBRUARY 25, 1991.

*Larry N. Hollington*, for appellant.
*Hull, Towill, Norman & Barrett, George R. Hall*, for appellees.