A06A1664. FALLIN v. MERRITT MAINTENANCE & WELDING, INC.

(642 SE2d 122)

MILLER, Judge.

Tony Wade Fallin appeals from a decision affirming an award by the State Board of Workers' Compensation (the "Board"), which found that, as a result of a change in his condition, Fallin was no longer entitled to receive temporary total disability benefits. Fallin argues that his employer's failure to file a valid notice to controvert his claim bars it from discontinuing his benefits. Discerning no error, we affirm.

The evidence shows that Fallin sustained a back injury on November 13, 1998, during the course of his employment with Merritt Maintenance & Welding, Inc. ("Merritt"). Merritt, through its insurer, began paying temporary total disability benefits on December 17, 1998. On that date, Merritt paid Fallin the compensation then due him, but failed to pay the statutory "late payment" penalty owed Fallin. See OCGA § 34-9-221 (e). Merritt continued to pay Fallin benefits until February 1, 1999, at which time it suspended payments and filed a notice to controvert, asserting a change in Fallin's condition.

Following a hearing, the administrative law judge ("ALJ") found that Merritt's failure to pay the statutory penalty rendered its notice to controvert invalid under OCGA § 34-9-221 (h) and barred Merritt from contesting the issue of whether Fallin had suffered a compensable injury. The ALJ further held that the invalid notice did not prevent Merritt from raising a defense under OCGA § 34-9-221 (i), that Fallin had experienced a change in condition. The ALJ found that Fallin's condition had changed as of November 1, 1999 and that any remaining disability was not the result of his compensable injury. The ALJ's award was affirmed by the Board and the Superior Court of Dougherty County.

Fallin does not dispute the factual findings made by the ALJ, instead arguing that the ALJ erred in applying the law to those facts.

Whether such error occurred is a question of law, which we review de novo. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

When a workers' compensation claim is filed, an employer may dispute it on the grounds that the employee's injury is noncompensable — i.e., that it did not "arise out of and in the course of employment." See generally OCGA § 34-9-1 et seq. An employer who disputes the claim without paying benefits must file a notice to controvert within 21 days after learning of the injury. OCGA § 34-9-221 (d). Alternatively, an employer who elects to pay benefits while investigating the claim further has an additional 60 days to controvert the claim. OCGA § 34-9-221 (h).

An employer's failure to pay all benefits currently due before filing a notice to controvert under OCGA § 34-9-221 (h) renders that notice to controvert invalid. *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 650 (1) (324 SE2d 194) (1984). Applying that rule in *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116 (479 SE2d 767) (1996), we found that an employer who had paid benefits but who had failed to pay the statutory late payment penalty had filed an invalid notice to controvert, and was therefore barred from contesting the claim on the grounds that the injury was noncompensable. Id. at 119 (2). Here, the ALJ correctly applied *Hamby* and found that Merritt's failure to pay the statutory penalty owed to Fallin prevented it from disputing the compensable nature of Fallin's injury. That injury had aggravated Fallin's pre-existing back condition, rendering him temporarily totally disabled until November 1, 1999, and entitling him to benefits from the date of injury until that time. The ALJ found, however, that Merritt's failure to pay the statutory penalty did not prevent it from controverting Fallin's claim under OCGA § 34-9-221 (i)[1] based on a change in condition. Thus, no additional benefits were due Fallin after November 1, 1999.

Fallin does not deny that he has experienced a change of condition or that he has held various jobs since November 1, 1999. In an attempt to collect an additional seven years' worth of disability benefits, however, Fallin argues that because Merritt's notice to controvert was invalid for purposes of disputing whether he had sustained a compensable injury, it should also be considered invalid for purposes of determining whether he had experienced a change in condition. Based upon this Court's decision in *Sadie G. Mays Mem. Nursing Home v. Freeman*, 163 Ga. App. 557 (295 SE2d 340) (1982),

---

[1] Under OCGA § 34-9-221 (i), an employer may "controvert on the grounds of a change in condition" at any time, and simultaneously suspend the payment of benefits, provided that the notice to controvert is filed with the Board and provided to the employee no later than ten days prior to the first omitted payment.

we hold that an invalid notice to controvert does not bar an employer from asserting a change in condition.

When the employer in *Freeman* filed a notice to controvert and suspended payments under OCGA § 34-9-221 (i) it still owed the employee approximately two weeks of compensation. Applying the statutory predecessor to OCGA § 34-9-221,[2] this Court held that the employer's

> failure to comply with [the statute] in suspending or terminating benefits does not prevent the employer/insurer from contending that no or lesser benefits are [owed] after a certain date due to change in condition; rather, it subjects the employer/insurer to potential liability for attorney fees if the failure was without reasonable grounds.

Id. at 560 (3).

Our decision in *Hamby* does not compel a different result. By its own terms, *Hamby* applies only where an employer has filed a notice to controvert under OCGA § 34-9-221 (h). Here, Merritt filed a notice to controvert based on a change in condition, which is specifically excluded from the ambit of OCGA § 34-9-221 (h) and is instead governed by OCGA § 34-9-221 (i). See OCGA § 34-9-221 (h) (providing that an employer "shall not" controvert liability after 60 days "except upon the grounds of change in condition or newly discovered evidence"). Additionally, *Hamby* is limited to the holding that failure to pay all compensation due before controverting a claim under OCGA § 34-9-221 (h) precludes the employer from disputing the compensable nature of the injury. It does not bar an employer from disputing related issues, such as the amount of compensation owed. See *Leon Dawson/Crawford Forest Products v. Walker*, 192 Ga. App. 887, 888 (386 SE2d 690) (1989) (applying *Carpet Transport v. Pittman*, 187 Ga. App. 463, 467 (1) (370 SE2d 651) (1988)).

Moreover, *Hamby* and its predecessors were based on the premise that unless payment of any statutory penalty owed was made a prerequisite to controverting a claim under OCGA § 34-9-221 (h), "employers will routinely delay paying penalties, having no incentive to pay them promptly." Id. at 118 (2). While that rationale properly justifies a refusal to allow an employer to contest the question of whether an employee has suffered a compensable injury, it does not justify barring an employer from "contending that no or lesser benefits are [owed] after a certain date due to [an employee's] change in condition." *Freeman*, supra, 163 Ga. App. at 560 (3). In cases such

---

[2] Ga. Code Ann. § 114-705.

as this, the legislative intent underlying workers' compensation is effectuated by applying *Hamby* to bar the employer from contesting the compensability of the injury, not by barring the employer's ability to assert a change in condition when established by the presentation of medical evidence. See *Stephenson v. Roper Pump Co.*, 261 Ga. App. 131, 135 (581 SE2d 741) (2003) (holding that a change in condition "does not come within the legislative purpose of subsection (h)") (citation omitted).

Based upon the foregoing, the Board's decision correctly applied the law and awarded Fallin all of the compensation that he is entitled to receive. The trial court's order affirming that decision, therefore, was not error, and we hereby affirm the same.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 19, 2007 —
RECONSIDERATION DENIED FEBRUARY 7, 2007.

*Kiser & Green, Robert J. Kiser*, for appellant.
*McLain & Merritt, Jeffrey E. Hickcox, John C. Stunda*, for appellee.