A06A1665. RELIANCE ELECTRIC COMPANY et al.
v. BRIGHTWELL.
(643 SE2d 742)

MIKELL, Judge.

We granted this discretionary appeal to address the legal conse-quences of an employer's failure to give a full ten days' notice, as required by OCGA § 34-9-221 (i),[1] before unilaterally suspending benefits based on a claimant's change in condition for the better. We hold that where, as here, the sole defect in the notice of suspension ("WC-2") is the tardy filing date, the employer is not allowed to suspend benefits on the date it selected for suspension in the WC-2 but may suspend benefits ten days after the date on which the WC-2 was in fact filed with the State Board of Workers' Compensation ("Board") and served on the claimant. A claimant who disagrees with the employer's assertion that he or she has undergone a change in condition for the better may, of course, file a request for a hearing. Moreover, a claimant who is aggrieved because his or her benefits were suspended by virtue of a tardy WC-2 may also request a hearing, at which an award would be appropriate for the amount of the prematurely suspended benefits, plus, in appropriate circumstances, attorney fees. The employer's penalty for tardy filing of a WC-2 is not liability for all payments due until the date of the hearing, however. Accordingly, we reverse the superior court's order affirming the ruling of the appellate division of the Board and remand for proceed-ings consistent with this opinion.

On appeal, we affirm factual findings by the Board that are supported by any evidence; however, we apply the de novo standard of review to decisions based on applications of law to undisputed facts.[2] In the case at bar, the facts, as found by an administrative law judge ("ALJ") and as adopted and amended by the appellate division, are undisputed. Claimant Teresa Brightwell suffered a carpal tunnel injury on February 28, 2002, while working as a winding technician for Reliance Electric Company ("Reliance"). She was also laid off from her job that day. Reliance accepted her claim and paid her medical and income benefits. Brightwell underwent surgery on April 21, 2003. Her treating physician determined that she was capable of returning to work without restrictions as of July 25, 2003. On July 29, Reliance issued a WC-2, stating that Brightwell's benefits would be suspended on August 10, 2003, and it did in fact suspend them on that

---

[1] OCGA § 34-9-221 (i) states: "Where compensation is being paid . . . and an employer or insurer elects to controvert on the grounds of a change in condition . . . , the employer shall, not later than ten days prior to the due date of the first omitted payment of income benefits, file with the board and the employee or beneficiary a notice to controvert the claim."

[2] See *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

day. However, the WC-2 was not filed with the Board until August 4, 2003, rendering the suspension four days short of the ten-day advance notice required by OCGA § 34-9-221 (i) and Board Rule 221 (i). After Reliance suspended Brightwell's benefits, she requested a hearing. Her request was not filed until May 4, 2004, nine months after the suspension.

The hearing was held on January 12, 2005, and the ALJ issued its award on March 15, 2005. The ALJ took judicial notice of the WC-2, which "notified the Employee and the Board that indemnity benefits would be suspended as of August 10, 2003, because the Employee's authorized treating physician released her to return to work without restrictions as of July 25, 2003." The ALJ found from the preponderance of the competent and credible evidence that Brightwell's problems with her right hand had resolved as of July 25, 2003, and that she was capable of returning to regular duty work without restrictions on that date. Further, the ALJ rejected Brightwell's testimony concerning a purported thumb condition as "incredible." However, the ALJ also found that because Reliance did not file the WC-2 at least ten days prior to suspending benefits, it was obligated to pay temporary total disability income benefits to Brightwell in the amount of $400 per week commencing August 11, 2003, and continuing until the date of the award.[3] The amount of benefits due for that period of time, more than 19 months, was, of course, a significant sum of money. The ALJ declined to assess attorney fees.

On appeal, the appellate division adopted and amended the award, agreeing that Reliance had improperly suspended payment of benefits because it had failed to comply with OCGA § 34-9-221 and with Board Rule 221 (i), which provides in pertinent part:

(i) (1) Suspension of benefits at any time on the ground of change in condition requires advance notice of 10 days unless the employee has actually returned to work.
(2) The date of filing with the Board, in the absence of compelling evidence to the contrary, shall be considered the date of filing.
(3) The date affixed by the Board to Forms WC-2 or WC-2A, in the absence of compelling evidence to the contrary, shall be considered the date of filing.

---

[3] Brightwell first raised the issue of the filing date of the WC-2 in a letter brief following the hearing. She did not challenge the sufficiency of the notice at the hearing. Rather, the parties stipulated that the issue was whether a change in condition had occurred as of August 11, 2003.

The appellate division disagreed with Reliance's assertion that the date on the WC-2, July 29, 2003, constituted compelling evidence that Brightwell received timely notice of the suspension. Rather, the appellate division found that "no evidence was presented as to when the notice was mailed or received by the employee." The appellate division did find that the date of filing of the WC-2 with the Board, August 4, 2003, was the date of "filing" with Brightwell. However, the appellate division concluded that the proper date for suspending benefits was neither the date selected by Reliance in the WC-2 (August 10, 2003), nor the date the award was entered, but rather the date of the hearing. The appellate division thus ordered Reliance to pay benefits commencing on August 11, 2003, and continuing until January 12, 2005.

Reliance appealed to the superior court, which framed the issue as whether the appellate division ignored binding legal precedent set forth in *Sadie G. Mays Mem. Nursing Home v. Freeman*[4] by finding that Reliance failed to satisfy its burden of establishing a change in condition for the better effective August 10, 2003. The court concluded that the appellate division committed no legal error and affirmed.

We are mindful that, when an employer unilaterally suspends benefits, the burden of proof is on the employer to prove that the claimant has undergone a change in condition.[5] Pursuant to OCGA § 34-9-221 (i) and Board Rule 221 (i), the employer must give ten days' advance notice before suspending benefits on the grounds of change in condition.[6] Additionally, the Code section and the Rule require the employer to send a copy of the filed WC-2 and accompanying medical reports to the employee at least ten days before the claimant's benefits are terminated.[7] In the case at bar, it is undisputed that the WC-2 was filed on August 4, 2003, which the appellate division found to be the effective date of filing with Brightwell as well. Based on this finding, it appears that Reliance suspended benefits four days sooner than authorized under OCGA § 34-9-221. It follows that Brightwell is entitled to an additional four days of benefits. It also follows that Reliance may be penalized by an assessment of attorney fees for its failure to give a full ten days' notice before unilaterally suspending benefits, as permitted by OCGA § 34-9-108 (b) (2).[8] It does not follow,

---

[4] 163 Ga. App. 557 (295 SE2d 340) (1982).

[5] OCGA § 34-9-104 (a) (1); *Vulcan Materials Co. v. Pritchett*, 227 Ga. App. 530, 531 (1) (489 SE2d 558) (1997); *Johnson Controls v. McNeil*, 211 Ga. App. 783, 785 (1) (440 SE2d 528) (1994).

[6] *Jackson v. Peachtree Housing &c.*, 187 Ga. App. 612, 614 (1) (371 SE2d 112) (1988).

[7] Id. See also Board Rule 221 (i).

[8] OCGA § 34-9-108 (b) (2) provides:

however, that the notice is void, as the appellate division implicitly held.

This outcome was suggested in dicta in *Jackson v. Peachtree Housing Div. of C. O. Smith Indus.*[9] There, we held that the claimant's request for change in condition was not barred by the two-year statute of limitation, OCGA § 34-9-104 (b), because the employer had not made final payment of income benefits due under the Workers' Compensation Act. In so holding, we noted that "income benefits were suspended on August 21, 1980, pursuant to a Form WC 2 which was filed on August 13, 1980. Accordingly, benefits were suspended prematurely by two days. Under the Act, claimant is entitled to an additional two days of income benefits."[10] Here, too, claimant Brightwell is entitled to an additional four days of benefits, not an additional seventeen months of benefits.

Brightwell points out that *Jackson* also stands for the proposition that "[t]he Act requires 10 days *notice* before the suspension of benefits. It matters not when the employer/insurer was entitled to suspend benefits. Notice of the suspension is the key."[11] But Brightwell omits the remainder of the quote: *"The claimant is entitled to benefits for 10 days following the filing of such notice."*[12] That is the result we reach today. The ALJ found, and the appellate division agreed, that the notice of suspension was filed on August 4, 2003. Therefore, Brightwell is entitled to benefits for ten days following the filing of the notice. She is also entitled to attorney fees, if the Board, on remand, determines that Reliance's failure to comply with OCGA § 34-9-221 is "without reasonable grounds."[13]

This outcome is consonant with *Freeman*, in which we held that a technical violation of OCGA § 34-9-221 "does not prevent the employer/insurer from contending that no or lesser benefits are due after a certain date due to a change in condition; rather, it subjects the employer/insurer to potential liability for attorney fees if the failure was without reasonable grounds."[14] In *Freeman*, the notice stated the

---

If any provision of Code Section 34-9-221, without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer.

[9] Supra at 614 (1).

[10] Id.

[11] (Emphasis in original.) Id. at 615 (1).

[12] (Emphasis supplied.) Id.

[13] OCGA § 34-9-108 (b) (2). See, e.g., *Carr v. A. P. & Harry Jones Logging*, 198 Ga. App. 698, 699 (1) (402 SE2d 538) (1991) ("Whether noncompliance with OCGA § 34-9-221 is without reasonable grounds is an issue of fact to be determined by the board, and its decision will be affirmed by this court if there is any evidence to support it") (citation omitted).

[14] (Citations omitted.) *Freeman*, supra at 560 (3).

wrong reason for suspending the employee's benefits; namely, that the employee had returned to work, although the employee had not. The Board concluded that the employee was entitled to benefits until the employer "properly terminated [them] according to law."[15] We disagreed, holding that the employer was entitled to establish a change of condition by showing that the employee was able to return to work regardless of whether the employee had returned in fact. Specifically, we stated that the employers' "failure to comply with the letter of [OCGA § 34-9-221] in terminating benefits does not prevent them from pursuing their position on appellee's alleged change in condition."[16]

Contrary to Brightwell's assertions, *Russell Morgan Landscape Mgmt. v. Velez-Ochoa*[17] does not require affirmance. In that case, the issue was whether the employer was entitled to suspend benefits as of the date it filed the WC-2 or was required to pay benefits until the date of the hearing on the claimant's change in condition.[18] In determining that the appellate division correctly set the hearing date as the benefit suspension date, we relied on the fact that the WC-2 was wholly defective, listing the reason for suspension of benefits as "non-compliance with medical treatment," although the ALJ found that there was no such noncompliance.[19] Accordingly, it was not until the date of the hearing that "the employee could be fairly said to be on notice of the reasons for the suspension of benefits."[20] We distinguished *Freeman* on the ground that in that case, the "WC 2 contained language sufficient to place the board and appellee on notice of termination of benefits due to change in condition."[21]

In the present case, Brightwell was fully aware of the reason for the suspension of her benefits. The WC-2 listed the correct reason: her authorized treating physician deemed her capable of returning to work without restrictions. Brightwell testified at the hearing that she was aware that the physician had released her to return to work as of July 25, 2003. The ALJ found as a fact that the WC-2 listed this reason as the ground for suspending benefits. Therefore, the WC-2 was sufficient to place the Board and Brightwell on notice of the reason for the termination of her benefits due to a change in condition for the better. Accordingly, the judgment of the superior court is reversed and remanded with direction that the case be remanded to the Board for

---

[15] Id. at 558.
[16] Id. at 559 (3).
[17] 252 Ga. App. 549 (556 SE2d 827) (2001).
[18] Id. at 550.
[19] Id. at 551.
[20] Id. at 552.
[21] (Emphasis omitted.) Id. at 551.

consideration of the issue of attorney fees and for issuance of an award consistent with this opinion.[22]

Judgment reversed and case remanded with direction. Blackburn, P. J., and Adams, J., concur.

DECIDED FEBRUARY 19, 2007 —
RECONSIDERATION DENIED MARCH 19, 2007 —

Drew, Eckl & Farnham, John C. Bruffey, Jr., James Janarious, for appellants.

Silver & Archibald, Benjamin J. Johnson, for appellee.

---

[22] See Freeman, supra at 560 (4).