A11A0478. CROSSMARK, INC. et al. v. STRICKLAND.
(713 SE2d 430)

BARNES, Presiding Judge.

The employer Crossmark, Inc., and its insurer American Casualty Company of Reading, Pennsylvania ("Crossmark") appeal a superior court order affirming an award of benefits in this workers' compensation case. For the reasons that follow, we affirm.

This is the second time we have considered this claim on appeal. In *Strickland v. Crossmark*, 298 Ga. App. 568, 570-571 (1) (680 SE2d 606) (2009), we held that the superior court lacked jurisdiction to review an order by the Appellate Division of the State Board of Workers' Compensation remanding a claim to the administrative law judge ("ALJ"). The case was returned to the ALJ, who found invalid the employer's notice of its intention to controvert the employee's

claim and awarded the employee continued benefits and attorney fees. The Appellate Division and the superior court affirmed, and this court granted the employer's application for discretionary review.

As established in the record, Mary Ann Strickland began receiving benefits after reporting an injury, but her employer, Crossmark, then terminated the benefits and filed a notice of its intention to controvert the claim. At the initial hearing, the parties stipulated that Crossmark had timely notice of the claim, that it had paid Strickland temporary total disability benefits for a time, and that Crossmark had controverted the claim.

After the parties presented evidence at the first hearing about Strickland's claim of a back injury, the ALJ found that Strickland failed to establish by a preponderance of the evidence that her injury arose out of and in the course of her employment. Strickland appealed to the Appellate Division, contending for the first time that Crossmark's notice to controvert was invalid because it had failed to pay her all the benefits she was due before filing the notice and ending her compensation. She also argued that the ALJ erred in finding that her injury was not compensable. Crossmark responded that Strickland had waived the notice to controvert issue by failing to raise it before the ALJ. The Appellate Division vacated the ALJ's decision and remanded the claim to allow Crossmark the opportunity to be heard and present evidence on whether its notice to controvert was valid.

Crossmark appealed the remand order to the superior court, which reversed the Appellate Division. The superior court found that Strickland could not dispute the notice to controvert for the first time before the Appellate Division, and Strickland filed an application for discretionary review in this court. We granted the application and reversed the superior court, holding that the Appellate Division's remand order was not final and therefore the superior court had no jurisdiction to consider it. *Strickland*, 298 Ga. App. at 571 (1).

Upon remand, the ALJ held a second hearing and concluded that, procedurally, the Appellate Division had the authority to consider whether Crossmark's notice to controvert was valid and to remand the claim to the ALJ for further proceedings on that issue. Substantively, the ALJ found that Crossmark's notice to controvert was invalid because the company had not paid Strickland all the benefits she was due before filing the notice and unilaterally ending her compensation. Specifically, the company had underpaid Strickland's wage benefits by approximately $100 per week and had not paid her for the first seven days of wage benefits, to which she became entitled after she was out of work for twenty-one consecutive

days. Therefore, the ALJ concluded, pursuant to this court's holding in *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 117 (2) (479 SE2d 767) (1996), the company was precluded from contesting the initial compensability of Strickland's claim without newly discovered evidence or a subsequent change in condition. The ALJ ordered Crossmark to pay continuing temporary total disability benefits and related medical expenses from the date of injury, and assessed attorney fees under OCGA § 34-9-108 (b) (2) for Crossmark's failure to comply with OCGA § 34-9-221.

The Appellate Division adopted the ALJ's findings of fact and conclusions of law, and the superior court affirmed the decision of the Appellate Division. This court granted Crossmark's application for discretionary review.

Crossmark enumerates eight errors, but essentially argues three points: (1) the superior court used the wrong standard of review; (2) the superior court erred in affirming the Division on procedural grounds; and (3) the superior court erred in affirming the Division on substantive grounds, as to both the benefits and the attorney fees, because this court should overrule its previous decisions holding that a notice to controvert is invalid if the employer has not paid the employee all the benefits due as of the date of the notice.

1. In its order, the superior court stated that it affirmed the Appellate Division's award "based upon the 'any evidence' rule." Crossmark is correct that the court applied the wrong standard of review in considering the legal questions involved in this case. While the superior court must affirm an Appellate Division's findings of fact if "any evidence" supports them, "decisions based on erroneous theories of law . . . are subject to the de novo standard of review." (Citations omitted.) *Strickland*, 298 Ga. App. at 569. Regardless of the stated standard of review, however, "[a] ruling right for any reason will be affirmed." (Citation, punctuation and footnote omitted.) *Trent Tube v. Hurston*, 261 Ga. App. 525, 528 (1) (583 SE2d 198) (2003). And, as discussed infra, the superior court's ruling was substantively correct, and so any misstatement regarding the standard of review was harmless. Therefore, we will consider Crossmark's other enumerations.

2. Crossmark contends that the superior court erred in affirming the Appellate Division's holding that it was procedurally authorized to consider Strickland's claim that the notice to controvert was invalid. It argues that the Appellate Division may not consider an argument raised before it for the first time, because Strickland waived it by failing to raise it before the ALJ. It also argues that res judicata prevented the Appellate Division from considering this argument, and that the Division "incorrectly reopened a case previously determined on the merits not to be compensable for a redeter-

mination of compensability." Additionally, Crossmark asserts that the Division's authority to remand Strickland's claim to the ALJ for further review was limited to the consideration of "newly discovered evidence," which Strickland did not produce.

We disagree that the Appellate Division was not authorized to remand this claim to the ALJ to consider Strickland's new contention. The Appellate Division's jurisdiction exceeds that of an appellate court, and it has subject matter jurisdiction to reconsider all of the ALJ's findings. *Home Depot v. McCreary*, 306 Ga. App. 805, 807 (1) (703 SE2d 392) (2010). Further, the legislature has given the Appellate Division statutory authority to remand a claim for further proceedings.

> Upon review, the appellate division may remand to an administrative law judge in the trial division any case before it for the purpose of reconsideration and correction of apparent errors and omissions and issuance of a new award, with or without the taking of additional evidence, or *for the purpose of taking additional evidence for consideration by the appellate division in rendering any decision or award in the case.*

(Emphasis supplied.) OCGA § 34-9-103 (a). This statutory authority is broad, and authorized the Appellate Division in this case to remand the claim to the ALJ to consider whether Crossmark's notice to controvert was valid. The decision was not res judicata and the Appellate Division did not "reopen" the case, which was not yet closed.

3. Crossmark contends that the Appellate Division erred in holding that a notice to controvert is invalid if an employer failed to pay all benefits owed when it filed the notice, and argues that we should overrule our precedent to the contrary.

An employer who wishes to terminate the payment of workers' compensation benefits must do so in compliance with the law. An employer has the option to not begin paying benefits at all by filing a notice of its intention to controvert the claim within 21 days after learning of the alleged compensable injury. OCGA § 34-9-221 (d). If an employer begins paying benefits, however, it may still controvert the claim and has a longer period of time within which to do so, specifically within 60 days of the date the first payment of benefits was due. OCGA § 34-9-221 (h). "This provision affords an employer another opportunity to controvert a claim if the employer changes its mind about controverting a claim, provided that the employer also voluntarily pays compensation to the employee without an award." *Hamby*, 224 Ga. App. at 117 (2); see also *Southeastern Aluminum*

*Recycling v. Rayburn*, 172 Ga. App. 648-649 (1) (324 SE2d 194) (1984). If an employer has failed to pay all compensation due when it files a notice to controvert, the notice is invalid. *Hamby*, 224 Ga. App. at 119 (2).

In this case, Crossmark does not contest the fact that it failed to pay all the benefits due Strickland when it filed its notice to controvert. Instead, it argues that *Hamby* and *Rayburn* should be overruled, because OCGA § 34-9-221 does not specifically state that a notice to controvert is invalid unless the employer has paid "all compensation conceivably and theoretically due," and because if the claim is later determined not to be compensable, then the payments were not actually due in the first place. But whether Strickland suffered a compensable injury is not the issue here. The issue is whether Crossmark followed the statutory requirements for its unilateral decision to stop paying benefits. Otherwise, an employer could base its compliance with the statute upon its assessment of the merits of its employee's claim and ignore the payment requirements of the workers' compensation statute without consequence if the claim is ultimately found not compensable. Further, while Crossmark speculates that claimants could refuse to agree to an average weekly wage and gamble that they could show underpayment at a hearing later which would render a notice to controvert invalid, nothing in this record supports a finding that Strickland or any other claimant has tried to game the system in this way.

> OCGA § 34-9-23 requires even-handed treatment of both employer and claimant. We act even-handedly when we apply the Act as it is written. Just as the claimant must meet the statute's requirements in order to qualify for benefits, so must the employer adhere to the procedural requirements in order to controvert the claim. . . . [T]he appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky.

(Citation and punctuation omitted.) *Hamby*, 224 Ga. App. at 119 (2).

Crossmark had two options to withhold benefits, either by deciding quickly not to pay benefits at all and filing its notice to controvert within 21 days after it learned about the claim, or by paying benefits initially and filing its notice to controvert within 60 days after payments were first due. Either way, the statute provides a mechanism for a relatively speedy resolution of the employer's unilateral decision to withhold benefits from its employee. If the employer does not comply with the statutory requirements for terminating benefits, then it must bear the consequences. This

court's decisions in *Hamby* and *Rayburn* are decades old, and if the legislature disagreed with them it had many opportunities to amend the Workers' Compensation Act accordingly. We decline Crossmark's invitation to overrule our holdings in *Hamby* and *Rayburn*, and thus find no merit in this enumeration of error.

4. Similarly, Crossmark contends the Appellate Division incorrectly upheld the ALJ's assessment of attorney fees under OCGA § 34-9-108 (b) (2), arguing that its failure to comply with OCGA § 34-9-221 was fully reasonable because Strickland's claim would not have been compensable under the merits.

The workers' compensation statute sets out two grounds upon which a party may be entitled to attorney fees. OCGA § 34-9-108 (b) (1) provides that the ALJ may assess attorney fees against a party who brings, prosecutes, or defends proceedings without reasonable grounds, and (b) (2) provides that the ALJ may assess fees against the employer if it fails to comply with "any provision of Code Section 34-9-221, without reasonable grounds."

In response to Strickland's motion for the assessment of fees and expenses against Crossmark, the ALJ first found that Crossmark did not defend the claim without reasonable grounds, either initially or after remand, and thus Strickland was not entitled to attorney fees or expenses of litigation based on OCGA § 34-9-108 (b) (1), (4). The ALJ then found no reasonable grounds for Crossmark's failure to comply with the provisions of OCGA § 34-9-221, which requires an employer to pay all benefits due before terminating them and filing a notice to controvert, found that Strickland had to hire an attorney to enforce her rights under the statute, and assessed attorney fees against Crossmark under OCGA § 34-9-108 (b) (2).

The Appellate Division affirmed the ALJ's findings of fact and conclusions of law, finding unpersuasive Crossmark's argument that the Court of Appeals misinterpreted OCGA § 34-9-221 (h) in *Hamby* and related cases and that its notice to controvert was valid. "In accordance with the law currently prevailing in the State of Georgia," the Appellate Division held, the ALJ properly concluded that a notice to controvert is not valid unless the employer has paid all income benefits due up to that time. Because Crossmark had not paid all the income benefits due Strickland when it filed its notice to controvert, the notice was not valid and thus the company could not contest the initial compensability of Strickland's claim absent newly-discovered evidence or a subsequent change in condition, which it did not present. The Appellate Division concluded that the ALJ did not err in assessing attorney fees against Crossmark because the company had no reasonable grounds for failing to comply with OCGA § 34-9-221.

"Whether noncompliance with OCGA § 34-9-221 is without

reasonable grounds is an issue of fact to be determined by the [Appellate Division], and its decision will be affirmed by this court if there is any evidence to support it." *Carr v. A.P. & Harry Jones Logging*, 198 Ga. App. 698, 699 (1) (402 SE2d 538) (1991). While Crossmark argues that its failure to pay all the income benefits due to Strickland when it filed its notice to controvert was reasonable, because Strickland's injury was not compensable on the merits and therefore the benefits were not owed anyway, it does not dispute that it failed to pay Strickland any income benefits for the first week she was not working or that the income benefits it did pay were short $100 per week.

"Just as the claimant must meet the statute's requirements to obtain benefits, the employer must do so to controvert the claim." *S&B Engineers &c. v. Bolden*, 304 Ga. App. 534, 537 (1) (697 SE2d 260) (2010) (Appellate Division did not err in finding that noncompliance with OCGA § 34-9-221 was without reasonable grounds and awarding benefits). In the present case, the Appellate Division affirmed the ALJ's finding that no reasonable grounds existed for Crossmark's failure to comply with OCGA § 34-9-221 (i). Crossmark "did not offer any explanation for its noncompliance with [OCGA] § 34-9-221. . . . Consequently, the evidence supports the Appellate Division's finding that such noncompliance was without reasonable grounds." *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 139 (2) (473 SE2d 166) (1996). And because "there is evidence in the record to support this finding, the superior court was required to affirm it." *Carr*, 198 Ga. App. at 699 (1). Accordingly, we find this enumeration to be without merit.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 27, 2011 — ▬▬▬▬▬

*Murphy & Sibley, Phillip A. Sibley, Adam J. Hand*, for appellants.

*Melissa M. Peavy*, for appellee.